## Case No. 1,949.
### BROOKS v. BYAM.
[2 Story, 553.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1843.

COSTS—DISMISSAL OF BILL IN EQUITY—DISCRETION OF COURT.

1. Where a demurrer might be put in to a bill in equity, but, instead thereof, an answer is made, and the bill is dismissed on its merits, because the plaintiff does not show a sufficient title, the defendants are not entitled to costs.

2. Costs in equity are in the sound discretion of the court; but, in the ordinary course of practice, when a bill is dismissed, costs are not awarded to the plaintiff. Under the circumstances of this case, it was *held*, that each party must bear his own costs, but that the expense of printing the record must be divided between them.

[Cited in Hussey v. Bradley, Case No. 6,946; Harland v. Bankers' & Merchants' Tel. Co., 32 Fed. 309.]

[In equity. Bill by William Brooks against Ezekiel Byam and others to restrain an action at law, and for other relief.] This cause came on to be argued again, upon the reserved question of costs.

[1] [Reported by William W. Story, Esq.]

[For determination of motion on exceptions to answer, see Case No. 1,947. For decree dismissing the bill, see Case No. 1,948.]

C. Sumner and Mr. Greenleaf, for plaintiff.

Franklin Dexter, for defendant, e contra.

STORY, Circuit Justice. There is no question, that this court had full jurisdiction of this suit. There are all the common ingredients to give jurisdiction in equity. The difficulty lies not here; but it is, whether the title made by the plaintiff is of such a nature as to entitle him either to a discovery, or to relief, in equity. I have already decided that it is not such a title. The court may have complete jurisdiction to grant a discovery or relief, if a fit case is made out for its interposition. But here the plaintiff fails in his preliminary step. He shows no sufficient title to enable the court to act. The bill, therefore, must be dismissed as wanting merits. The objection might, indeed, have been taken by the defendants by demurrer, if they had chosen so to do. And, as this would have put an end to the case in its earliest stage it furnishes a good ground, why the court may refuse them costs for all the ulterior proceedings occasioned by the omission.

But it is a very different question, whether, when the plaintiff's bill is dismissed upon the merits of his title, he can claim costs. Certainly costs in equity are altogether in the discretion of the court. But then it is to be remembered, that this discretion is a sound one, to be exercised upon principle, and with a reference to the general rules of practice. In the ordinary course of practice, if a bill be dismissed, the most that is done, is, in proper cases, to dismiss the bill without costs to the defendant. I do not say, that a case may not be put, in which the court might go further, and allow costs to the plaintiff, even upon the dismissal. But it must be a very extraordinary case; such, for example, as where the defendant has, by his own fraud, in misrepresenting himself to be the proper and sole party to be sued, as executor, or heir, or devisee, induced, nay, invited the plaintiff, to bring the suit, and then has put in a plea, and established the fact, that he is not executor, or heir, or devisee. Such a case may exist, and for aught I know, the court might, under such circumstances, award costs against the defendant, although the bill might be dismissed. But on this I give no opinion. The present is not such a case. Certainly the plaintiff might, in some way, have taken the opinion of the court upon the validity of his title at an earlier stage in the cause, if he had chosen, as he had notice of the objection before any evidence was taken, from the statements in the answer. In not doing so, he voluntarily incurred the hazard

BROOKS (Case No. 1,951) [4 Fed. Cas. page 272]

of taking the testimony. It is true, that the reason of the omission is sufficiently explained by Mr. Greenleaf's affidavit; but then from Mr. Smith's affidavit there seems to have been a mistake and misunderstanding between the counsel in the cause, which led to the present embarrassment.

Upon full reflection, my opinion is, that under all the circumstances of the case, each party must bear his own costs in the cause. But the printing of the record having been according to the order and rule of the court, and being costs in the cause, it must be deemed to be for the benefit of both parties; and therefore I shall order the same to be equally divided between, and paid by, the parties.