## Case No. 7,876.

KNEASS v. SCHUYLKILL BANK.

[4 Wash. C. C. 106;[1] 1 Fish. Pat. Rep. 1.]

Circuit Court, E. D. Pennsylvania. April Term, 1821.

COSTS—NOMINAL DAMAGES—RIGHT TO COSTS AT COMMON LAW.

1. Quaere, If in a patent cause, the plaintiff recover five hundred dollars damages, he is entitled to costs.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

2. The common law gave costs in no case; and the statute of Gloucester gave them only where damages were recoverable at common law.

[Cited in Steele v. Wear, 54 Mo. 534.]

3. If the plaintiff recover in an action at common law, or in one arising under the constitution or law of the United States, less than five hundred dollars, he shall not have costs; but at the discretion of the court may be adjudged to pay them.

[Cited in Coggill v. Lawrence, Case No. 2,-957. Cited, but not followed, in Merchant v. Lewis, Id. 9,437.]

[Cited in Price v. Garland, 4 N. M. 365, 20 Pac. 183.]

4. Where the statute gives a right without providing a specific remedy, the remedy may be drawn from the abundant stores of the common law.

[Cited in The Oriole, Case No. 10,573; U. S. v. Block, Id. 14,609.]

[This was an action for infringement of a patent. There was a verdict in favor of plaintiff for three cents damages. Case No. 7,875.] The plaintiff obtained a rule upon the defendants to show cause why the costs in this suit should not be trebled. This was retorted by a rule obtained by the defendants to show cause why the judgment should not be entered without costs.

C. J. Ingersoll and Mr. Phillips, for plaintiff, cited the following cases in support of their own rule, and in opposition to the defendants'. 1 Leon. 282; 2 Inst. 289; Carth. 294, 321; 1 Ld. Raym. 19; Cro. Eliz. 582; Pilfold's Case, 10 Reporter [Coke] 116; Sayer, Costs, 1–8, 195. They contended that though the act of congress gives the right of property in an invention or discovery, the common law gives the remedy; Beckford v. Hood, 7 Term R. 620; also that the damages for a violation of the patent right are given by the act of 1790 [1 Stat. 109], which are trebled by the subsequent acts, and consequently the costs ought to be trebled.

Mr. Bradford and J. R. Ingersoll, for defendants, contended, upon the authority of the cases cited on the other side, that no costs are recoverable in this case, because it is not one in which damages could be recovered at common law; the right to the thing invented, and consequently the action for a violation of it, being the mere creatures of legislative provision 2. That the plaintiff having recovered only three cents damages, he is not only deprived of costs, but, in the discretion of the court, may be made to pay costs, by force of the twentieth section of the judiciary act of 1789 [1 Stat. 83].

WASHINGTON, Circuit Justice. If the defendant's rule be supported, it will be unnecessary to consider the one obtained by the plaintiff. Whether the plaintiff would have been entitled at all to costs, in case the verdict had been for $500, or upwards; or could, by being trebled, be increased to that amount; are questions which I should not wish to decide at this time, unless it were necessary to do so. It is certain that the plaintiff was not entitled to costs at common law, in any case; and the statute of Gloucester allows them only in cases where damages were recoverable before the making of that statute; unless the statute on which the action is founded, and which gives damages, gives costs also. It must also be admitted, that it is the act of congress alone which gives to an inventor the right of property in the subject of his invention; and consequently, that this is not a case on which damages could have been recovered at common law, although, whenever a statute gives a right, but without providing a specific remedy, a remedy may be drawn from the abundant stores of the common law. It may not, however, be amiss to observe, that, for the violation of a patent right, the act of the 17th of April, 1800 [2 Stat. 37], gives to the patentee a sum equal to three times the actual damage sustained, to be recovered by action on the case, founded on that and the preceding acts, in the circuit courts of the United States. I give no opinion as to the legal effect of this provision, nor upon the question whether, under any circumstances, the plaintiff is entitled to recover costs, because I have not had an opportunity of searching through the code of congressional legislation in reference to the subject of costs. I at first doubted whether the twentieth section of the judiciary act of 1789 applied to cases arising under the constitution and laws of the United States, and whether it ought not to be confined to cases at common law. But upon reflection, I can perceive no sound reason for this distinction; and this section is expressed in terms so general and unlimited, that the court cannot feel itself at liberty to qualify or restrain them. This section declares, that where the plaintiff recovers less than $500 he shall not be allowed costs, but may at the discretion of the court be adjudged to pay them. The first rule then must be discharged, and the second made absolute.