## Case No. 2,957.

### COGGILL et al. v. LAWRENCE.

[2 Blatchf. 304.] [1]

Circuit Court, S. D. New York. Sept., 1851.

COSTS—ACTION TO RECOVER BACK EXCESSIVE DUTIES— REMOVAL FROM STATE COURT.

1. In suits at common law, in the circuit courts of the United States, neither party can recover costs upon any equity in the case, nor do those courts possess authority to award them as an incident of their power over the parties or the subject-matter in litigation. They are purely a subject of legislative appointment.

2. Where an action was commenced in a state court against a collector, to recover back an excess of duties paid on the importation of foreign merchandise, and the action was removed into this court by the defendant, under section 3 of the act of March 2, 1833 (4 Stat. 633), and the plaintiff obtained a verdict for $9.50: *Held*, that the plaintiff was not entitled to any costs.

3. It was the intention of congress that the description of revenue cases mentioned in section 3 of said act, should, when removed into this court, after being commenced in a state court, be proceeded in, in all particulars, as cases originally commenced in this court.

4. Such removal does not bring with it the state law as to costs, and, therefore, in cases of that kind, the costs in this court are regulated by section 20 of the judiciary act of September 24, 1789 (1 Stat. 83), which allows no costs to a plaintiff when he recovers less than $500, and provides that he may, in such case, be adjudged to pay costs, at the discretion of the court.

[Distinguished in Field v. Schell, Case No. 4,-771. Overruled in Scripps v. Campbell, Id. 12,562.]

5. Where, in a cause removed into this court under section 3 of said act of 1833, the plaintiff obtained a verdict for $9.50: *Held*, that the case was not a proper one for the allowance of costs to the defendant.

---

[1] [Reported by Samuel Blatchford, Esq., and and here reprinted by permission.]

---

6. Semble, that cases removed into this court from a state court, under section 12 of the judiciary act of September 24, 1789 (1 Stat. 79), do not bring with them the state law of costs, but are subject to the provisions, as to costs, of section 20 of the same act.

This was an action originally brought in the superior court of the city of New York, against the defendant [Cornelius W. Lawrence], as collector of the port of New York, to recover the sum of $150, as so much duty charged and received by the defendant on the importation and entry of foreign merchandise by the plaintiffs [Henry Coggill and others] above the amount collectable by law. Under the provisions of the 3d section of the act of March 2, 1833 (4 Stat. 633), the defendant removed the cause into this court, and, on a trial before a jury, the plaintiffs obtained a verdict for $9.50. [A motion was thereafter made for a new trial, which was denied.] The plaintiffs now moved that full costs of suit, according to the rate of costs in this court, be awarded to them; and the defendant made a counter application that full costs be adjudged to him.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. In common law cases in this court, neither party can recover costs upon any equity in the case, nor does the court possess authority to award them as an incident of its power over the parties or the subject-matter in litigation. They are purely a subject of legislative appointment. Kneass v. Schuylkill Bank [Case No. 7,876]. In that case, Judge Washington held that there was no distinction between cases over which a circuit court of the United States had jurisdiction because of the amount in controversy, and those over which it had jurisdiction because of the subject-matter; and, accordingly, he denied costs to the plaintiff in a patent cause where the recovery was less than $500. The patent acts of April 10, 1790, and February 21, 1793 (1 Stat. 109, 318), did not grant costs to plaintiffs in patent suits, and, accordingly, costs in those suits were recoverable only by virtue of the provisions of the 20th section of the judiciary act of September 24, 1789 (1 Stat. 83). This construction seems to have been acquiesced in by congress, as it has since regulated costs in patent cases by express enactment. Act July 4, 1836 (5 Stat. 123, § 14). It has also made express provision in regard to costs in suits brought by the United States for penalties, without respect to the amount demanded or recovered. Act May 8, 1792 (1 Stat. 277, § 5).

The act of congress of March 2, 1833 (4 Stat. 633, § 3), under which this cause is removed into this court, makes no provision respecting costs to plaintiffs, but, in a certain contingency, gives them to defendants. It moreover expressly declares, that a cause removed from a state court by virtue of the act, and entered on the docket of the circuit court, shall be thereafter proceeded in as a

cause originally commenced in that court. Id. § 3. We are of opinion that the plaintiffs cannot recover costs in this case, although it was originally commenced in a state court; because costs are not given by the act authorizing the removal of the cause, nor are they given, upon a verdict of like amount, by any other act of congress, and because it seems to have been the purpose of congress to place all actions against revenue officers, for acts done in relation to the collection of imposts and duties, upon the footing of causes originally commenced in a circuit court. In such cases, no costs are allowed to the plaintiff, if he recovers less than $500, but he may be adjudged to pay costs, at the discretion of the court.

So, also, if the doctrine of Judge Story in Ellis v. Jarvis [Case No. 4,403] in relation to causes removed from a state court into a circuit court of the United States under the 12th section of the judiciary act of 1789, applies to causes removed by virtue of the act of 1833, and they are to be held to carry with them the law of costs of the court in which they are instituted, the plaintiffs must be denied costs in this case, because the recovery, being under fifty dollars, would not carry costs in the state court where the action was commenced. Laws N. Y. 1849, c. 438, § 304. The rule adopted by Judge Story is eminently equitable, but it is not clear to our minds that the quality attached by the 12th section of the judiciary act of September 24th, 1789, to the cases provided for by it, that the cause shall there proceed in the same manner as if it had been brought there by original process, does not bring them under the general law of costs established by the 20th section of the same act. The variance of phraseology employed in the 3d section of the act of 1833, in our opinion, makes the intention of congress clear, that this description of revenue cases commenced in a state court must, after being brought into this court, be proceeded in, in all particulars, as cases originally commenced here, and will thus necessarily be subject to the restrictions as well as partake of the privileges applicable to original actions in this court.

The defendant in the present case would, by the state law, have been entitled to costs on the present recovery, had the case remained in the state court. Section 305 of the state act before cited provides, that "costs shall be allowed of course to the defendant in the actions mentioned in the last section," (which includes actions for the recovery of money,) "unless the plaintiff be entitled to costs therein." If, as before suggested, the removal of the cause does not bring with it the state law of costs, there is manifest reason against allowing the defendant to impose the costs of a jurisdiction into which he forces an unwilling plaintiff, without the object of correcting an erroneous judgment against him, and, unless controlled by a positive law on the subject, this court would, upon the equity of the case, refuse him costs against such plaintiff. The 20th section of the judiciary act leaves this matter to the discretion of the court, and, under the circumstances, we think that costs should be denied to the defendant.

There must be a judgment for the plaintiff for $9.50, without costs to either party.