## Case No. 3,730.

### DEDEKAM v. VOSE et al.

[3 Blatchf. 77.][1]

Circuit Court, S. D. New York. Oct. 12, 1853.

ADMIRALTY APPEALS—TAXABLE COSTS—DOCKET FEES—READING DEPOSITIONS.

1. On an appeal in admiralty to this court from the district court, where the cause is heard on proofs and decided, one docket fee of $20 to the proctor, and only one, is taxable under the act of February 26, 1853 (10 Stat. 161, § 1), although the cause may have been upon the calendar of this court at more than one term.

[Cited in Troy Iron & Nail Factory v. Corning, Case No. 14,197; Jerman v. Stewart, Gwynne & Co., 12 Fed. 278; Goodyear v. Sawyer, 17 Fed. 13; Mead v. Platt, Id. 836; Wooster v. Handy, 23 Fed. 54; Williams v. Morrison, 32 Fed. 683; Cleaver v. Traders' Ins. Co., 40 Fed. 864.]

2. Where, in such a case, a deposition was taken and used in the district court, and then read in this court from the apostles, a fee of $2.50, for reading the deposition in this court, is not taxable under the 1st section of that act. Such fee is taxable only on a new deposition taken in this court.

[Cited in Jerman v. Stewart, Gwynne & Co., 12 Fed. 278; Wooster v. Handy, 23 Fed. 57; Ferguson v. Dent, 46 Fed. 91.]

3. Where the appeal was taken, and the cause removed into this court, prior to the passage of that act, the item of $5 on the removal of the cause to this court is not taxable under the 1st section of that act.

After the affirmance by this court—Dedekam v. Vose [Case No. 3,729]—of the decree of the district court in this case [Case No. 3,732], dismissing the libel, the respondents [Francis Vose and others] had their costs on the appeal taxed by the clerk of this court. Among the items allowed and taxed by the clerk were these: (1) "Proctor's docket fee, April term, 1853, $20.00." "Proctor's docket fee, September term, 1853, $20.00." (2) "Seventeen depositions read, $42.50." (3) "Costs on removal to circuit court, $5." From the taxation of these items the libellant [Andres Dedekam] appealed to this court. As to item 1, it was contended that, under the act of February 26, 1853 (10 Stat. 161, § 1), only $5 was taxable, and that no docket fee at all could be taxed; but that, at all events, only one docket fee of $20 was allowable, instead of one for every term at which the cause was upon the calendar. As to item 2, it appeared, that the depositions had been taken and used in the district court, and that, on the hearing of the appeal, they were read from the apostles. As to item 3, it appeared, that the appeal was taken in May, 1852, and that the cause was removed into this court in September, 1852.

Charles Donohue, for libellant.

William M. Evarts and Erastus C. Benedict, for respondents.

[NOTE. This case was again heard in the circuit court on a question as to taxation of costs. Case No. 3,731.]

## Case No. 3,731.

### DEDEKAM v. VOSE et al.

[3 Blatchf. 153.][1]

Circuit Court, S. D. New York. Dec. Term, 1853.

TAXATION OF COSTS—FEE BILL—DOCKET FEE ON ADMIRALTY APPEAL—PRACTICE.

1. Every item of costs taxable against a party to a suit in this court, is specified in the fee bill contained in the act of February 26, 1853 (10 Stat. 161).

[Cited in Ethridge v. Jackson, Case No. 4,-541; Jerman v. Stewart, Gwynne & Co., 12 Fed. 275.]

2. The $20 docket fee allowed to a proctor or attorney by that act, can be taxed only on a final hearing, and can be taxed but once in a cause.

[Cited in Troy Iron & Nail Factory v. Corning, Case No. 14,197; Goodyear v. Sawyer, 17 Fed. 13; Williams v. Morrison, 32 Fed. 683; Central Trust Co. v. Wabash, St. L. & P. Ry. Co., Id. 686; Cleaver v. Traders' Ins. Co., 40 Fed. 864.]

3. That fee is not taxable, after a decree on an appeal in admiralty, on a motion that the stipulators on the appeal pay into court the amount of their stipulations.

[Cited in Mead v. Platt, 17 Fed. 836; Wooster v. Handy, 23 Fed. 54.]

4. A general objection to the aggregate of charges for clerk's fees and affidavits, cannot be noticed, on an appeal from the taxation of costs. The objections, and the items composing the charges, must be specified.

After the decree in this cause (Dedekam v. Vose [Case No. 3,729]), the appellees [Francis Vose and others], on motion to the court, took an order, by default, against the stipulators in the cause, that they pay into court the amount of their stipulation, and had a bill of costs taxed on that motion by the clerk. From that taxation the appellant [Andres Dedekam] appealed to this court. The items allowed on taxation were these: Docket fee on hearing against stipulators, $20; cash paid for affidavits, 50 cents; clerk's fees, $5; total, $25.50.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

BETTS, District Judge. This court has uniformly held that every item of costs taxable against a party to a suit is specified in the fee bill enacted February 26th, 1853 (10 Stat. 161), and that it cannot go out of the provisions and restrictions of that act, and make an allowance of costs on any considerations of equity or justice. The province of the taxing officer is accordingly now limited to the service of comparing a proposed charge with the particulars set forth by congress in that statute as taxable; and, when the charge is not found to fall within the enumerated and designated fees, it must be rejected.

A proctor is allowed, by the statute, a docket fee of $20 on a final hearing in admiralty. The same fee is given to an attorney on a trial before a jury in civil and criminal causes, or before referees. This language plainly imports an actual contestation of the case upon the merits, and does not embrace interlocutory or collateral proceedings by motion. This point was in effect determined in this cause at an early day of this term, before both judges, when we held that the docket fee of $20 could not be repeated on taxation. [Case No. 3,730.] The law allows but a single one, and that on final hearing. This charge must accordingly be stricken from the bill.

The objections to the $5 taxed to the clerk are not specified, and it is impossible for the court to determine what items of charges compose it. The orders, returns, or decrees entered and copied, and the $1 docket fee allowable to the clerk, may amount to that sum; and, as the party appealing from the taxation has not demanded a specification of the items from the clerk, this charge must now be considered as acquiesced in. The same remark applies to the charge of 50 cents "paid for affidavits." The docket fee of $20 must be deducted from the taxed bill.