## Case No. 3,793.

### DENNIS v. EDDY et al.

[12 Blatchf. 195.] [1]

Circuit Court, N. D. New York. June 16, 1874.

TAXABLE COSTS — WITNESS FEES — ATTENDANCE WITHOUT SUBPOENA—PRINTING OF PAPERS.

1. Act Feb. 26, 1853 (10 Stat. 167), in regard to the fees of witnesses, prescribes, as fees to witnesses, "for each day's attendance in court, or before any officer, pursuant to law, one dollar and fifty cents, and five cents per mile for traveling from his place of residence to said place of trial or hearing, and five cents per mile for returning:" Held, that the fees of necessary witnesses, who reside within less than 100 miles of the place of examination, in a suit in equity, and whose attendance and examination are procured in good faith, by the party on whose behalf they are examined before an examiner, can, under said act, be taxed and allowed against the adverse party, even though it be not shown that they were served with a writ of subpoena to attend.

[Cited in Gunther v. Liverpool, L. & G. Ins. Co., 10 Fed. 830; Wooster v. Handy, 23 Fed. 61; U. S. v. Sanborn, 28 Fed. 304; Re Williams, 37 Fed. 326; Wooster v. Hill, 44 Fed. 819.]

2. The cost of printing papers which, by a rule of court, a party is required to have printed, can be taxed against the adverse party.

[Cited in The E. Luckenback, 19 Fed. 847; Wooster v. Handy, 23 Fed. 61; Baker v. Howell, 44 Fed. 114; Hake v. Brown, Id. 735; Ferguson v. Dent, 46 Fed. 95; Gird v. California Oil Co., 60 Fed. 1011.]

[This was a bill in equity by Paul Dennis against Daniel Eddy and others.]

Edward F. Bullard, for plaintiff.
Esek Cowen, for defendants.

WOODRUFF, Circuit Judge. Both parties appeal from the taxation, by the clerk, of the costs awarded to the complainant herein.

1. The complainant appeals from the disallowance of the fees of witnesses who attended and testified, who are sworn to have been necessary witnesses, who resided within less than one hundred miles of the place of examination, and whose attendance and examination were procured in good faith. The disallowance was on the sole ground, that it is not shown that the witnesses were served with a writ of subpoena, so that their attendance was compulsory. Act Feb. 26, 1853 (10 Stat. 167). Some cases have been cited by the defendants, in which it appears that some circuit courts, in other districts, have so held. Woodruff v. Barney [Case No. 17,986]; Spaulding v. Tucker, [Id. 13,221]; Dreskill v. Parish [Cases Nos. 4,075, 4,076],—decided prior to the act of 1853. But, in this district, it has been decided, that a person who attends the court as a witness, in good faith, on the request of a party, without the actual service of a subpoena, is entitled to his fees, and that such fees may be taxed against the party liable for costs. Cum-

· [1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

mings v. Akron Cement & Plaster Co. [Case No. 3,473]. See, also, Prouty v. Draper, [Id. 11,447]; Whipple v. Cumberland Cotton Co. [Id. 17,515]; and Hathaway v. Roach [Id. 6,213],—decided prior to the act of 1853. I concur in that decision. I find no sufficient reason for holding that the words "pursuant to law" were intended to prevent the allowance to the party of such fees paid to witnesses, when there was actual attendance and examination by his procurement. A person volunteering to attend court, without either subpoena or request, cannot demand fees. But, where his attendance is required, and is actually given, and he is examined, his attendance is "pursuant to law," in a just sense; that is to say, he is in attendance lawfully, for a lawful and necessary purpose, on the requirement of a party who has a right to compel him to attend. This satisfies the whole reason of those words in the statute. The question, whether the witness shall waive the form and expense of a legal service of a writ of subpoena, is purely a question between him and the party who desires his attendance. It does not concern the adverse party; or, if it affects him at all, it is for his advantage, in diminishing the charges which he may be compelled to pay. If a party to the suit relies on the willingness of the witness to attend on request, he cannot have an attachment against the witness for not attending. The object of serving a subpoena is to enable the party to resort, if necessary, to that further compulsory process; but none of this proceeding is of any benefit to the adverse party. Why, then, should it be held, unless the terms of the statute are very clearly imperative, that a witness must put the party to the trouble and expense of a writ of subpoena, and to the expense of the traveling fees and service by a marshal or other proper person, often amounting to a large sum, or otherwise the witness' own fees be not allowable? Such a rule is simply to require costs and expenses in a suit to be increased without advantage to any one. All question of good faith, the materiality of the witness, and the question whether he did, in fact, make the journey for the purpose, or, being casually present, was examined, are, of course, open. But the mere fact that the party induced the witness to save expense and trouble, by waiving the procurement and service of a subpoena, ought not to, and, I think, does not, deprive the witness of his fees, or the party of their allowance as costs. A party to a suit may waive the service of mesne process and voluntarily appear, and, having done so, the suit is held to proceed according to law. It would be strange if a witness could not make such waiver without losing his just claim to compensation. "Pursuant to law" may properly mean—in a proper case; where the attendance and examination of witnesses are necessary and may be compelled; before a proper officer, whose duty it is to receive the examination of witnesses; at the instance of a proper person, who has a right to require and may compel such attendance; for such reasonable and necessary time as is proper; and, generally, under all the conditions and circumstances which make the attendance a legal and proper one.

It may be well suggested, that the change in the language of Act Feb. 28, 1799 (1 Stat. 626, § 6), made in the act of 1853, whereby the word "summoned" was omitted, was made in view of the conflicting decisions above cited, under the former act, and the more rational provision made to which I have given interpretation. Why, else, was not the word "summoned" continued in the statute?

These reasons are applicable with equal force to the attendance before an examiner in chancery, in a suit in equity. The allowance of witness' fees, on a voluntary attendance, may properly be limited, in respect to traveling fees, to the distance which he might have been compelled to travel, as held in a case in the southern district,— Anonymous [Case No. 432],—but that question is not material in this case. The appeal of the complainant is sustained, and an order entered by which the witness' fees in the bill of costs are taxed and allowed.

2. The appeal of the defendant is from the taxation of the cost of printing the papers, which, by rule of court, the complainant was required to have printed. It was a necessary disbursement, made by order of the court. I am of opinion, that the act of congress of February 26, 1853 (10 Stat. 161), was not intended to prohibit the allowance of indemnity for such disbursements as were made necessary by the order of the court, and that it does not prohibit such allowance. After the decision in Hussey v. Bradley [Case No. 6,946], this court adopted the rule which made the printing imperative. The appeal of the defendants must be overruled.