## RAILROAD COMPANY v. COLLECTOR.

1. Under the provisions of the act of March 3, 1877 (19 Stat. 344), the cost of printing all records in this court, after Oct. 1 in that year, which is paid by the government, must be taxed against the losing party.

2. The appellee, the successful party in this court, caused the printing of the record, after said last-mentioned date, to be done at his own expense, but at a cost no greater than if the work had been done at the government printing-office. *Held,* that such cost be taxed against the appellant.

MOTION to tax the expense of printing the record as part of the costs in this case.

*Mr. James K. Edsall* in support of the motion.
*Mr. Joseph E. McDonald* and *Mr. R. P. Ranney, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The first appropriation by Congress to pay the expense of printing the records of this court was made June 27, 1834. 4 Stat. 695. Since that time until the present term the printing has been done by the government, without charge to litigants. In the appropriation act of the last Congress, however, passed March 3, 1877, it was provided as follows : —

" And there shall be taxed against the losing party in each and every cause pending in the Supreme Court of the United States, or in the Court of Claims of the United States, the cost of printing the record in such case, which shall be collected, except when the judgment is against the United States, by the clerks of said courts respectively, and paid into the treasury of the United States ; but this shall only apply to records printed after the 1st of October next." 19 Stat. 344.

This provision is still in force, so that now the cost of printing all records in this court paid by the government must, by law, be taxed to the losing party.

The appellee caused the record in this case to be printed after Oct. 1, at his own expense, as the congressional appropriation was exhausted before it became necessary to do the work. The cost was no greater than it would have been at the government printing-office. Under these circumstances, as

the decree below has been affirmed, we think the motion should be granted, and therefore order that the amount paid by the appellee for printing the record in this case be taxed against the appellant.

*Motion granted.*