PRICE et al. *v.* GARLAND.

*(Supreme Court of New Mexico. January, 1889.)*

COSTS ON APPEAL—DISBURSEMENTS—TAXATION.
    Though the record is required to be printed in certain cases by rule 23 of the New Mexico supreme court, the expense of printing it and the appellant's brief, and the stenographer's fee, are not, in the absence of a statute, properly items of costs awarded appellant on the reversal of the judgment.[1]

On motion to retax costs.

HENDERSON, J. This case was decided at a former term, (6 Pac. Rep. 472,[2]) and the judgment below reversed, and the cause remanded for further proceedings. The clerk taxed the costs against the appellee, as directed in general terms by the judgment of reversal, but in so doing he embraced in the bill of costs several large items of expense by appellant in perfecting and docketing his appeal in this court. The items sought by the motion to be stricken out of the taxed cost bill are: (1) The cost of printing the record; (2) the cost of printing appellant's brief; (3) the amount paid the stenographer for transcribing his notes of the evidence.

In support of the motion, it is contended that no disbursement made by appellant, however necessary, can be taxed as costs in this court, unless the statutes of the territory, or a rule of the court having the form of a statute, can be found, authorizing the clerk to tax it. It may be assumed as an undisputed fact, shown by the affidavit filed in pursuance of a stipulation entered in the cause, that the expenditures by appellant were necessary, and the amounts actually paid reasonable; and that the items entered in the tax-bill correctly represent the amounts paid, and on what account. The motion and proofs submitted present the naked question of the liability of the appellee to reimburse appellant for amounts necessarily expended by him, in order to review a judgment in the district court. Chapters 16, 17, Comp. Laws N. M., contain all the statutes on this subject pertinent to the question submitted. There is no express authority to be found in the laws of the territory that will warrant the taxation of these items. But it is contended by counsel opposing the motion that the rules of the court made it a condition to his right of appeal and review that the record and brief be printed. Rule 23 does require, in cases of this kind and amount, that the record be printed, but it does not confer the power to tax as costs the sum so paid. Whether or not the items mentioned ought to be included as a part of the taxable costs must depend upon the general rule or principle of the law of costs in England and in this country. The power to tax a sum expended by a successful party as costs, with which to reimburse him for expenditures made against the losing party, has its origin in statutes, and not in the common law.

At first, by the common law, no costs were awarded to either party *eo nomine.* If the plaintiff failed to recover, he was amerced *pro falso clamore;* if he recovered judgment, the defendant was in *misericordia* for his unjust detention of the plaintiff's debt, and was not, therefore, punished with the *expensæ litis* under that title. But, this being considered a great hardship, the statute of Gloucester (6 Edw. 1, c. 1) was passed, which gave costs in all cases when the plaintiff recovered damages. This was the origin of cost *de incremento;* for, when the damages were found by the jury, the judges held themselves obliged to tax the moderate fees of counsel and attorneys that attended the case. "Under the provisions of this statute every court of common law has an established system of costs, which are allowed to the successful party by way of amends for his expense and trouble in prosecuting his suit. It is true, no doubt, and is specially so in this country, that the legal taxed costs are far below the real expenses incurred by the litigant. Yet it is all

---

[1] See note at end of case.       [2] Same case, 3 N. M. 285.

the law allows as *expensa litis.*" Justice GRIER in *Day* v. *Woodworth,* 13 How. 363. See, also, *Kneass* v. *Bank,* 4 Wash. C. C. 106.

The courts have no power to award costs simply because they have power or jurisdiction over the subject-matter of the suit, or the parties to it. Costs are purely the subject of legislative appointment. *Coggill* v. *Lawrence,* 2 Blatchf. 304. Nor can courts go beyond the provisions of the statute to allow costs. *Dedekam* v. *Vose,* 3 Blatchf. 153. A copy of the record is not a part of the taxable costs of a suit to be recovered by one party against another. *Caldwell* v. *Jackson,* 7 Cranch, 277. Nor can the costs of printing a brief be taxed. *The Perseverance,* 3 Dall. 336; *Ex parte Hughes,* 114 U. S. 548, 5 Sup. Ct. Rep. 1008. The cost of printing the record is now taxed, but this is so by reason of an act of congress. *Railroad Co.* v. *Collector,* 96 U. S. 594.

The only case I have found which is directly in point, holding a contrary view, is that of *Dennis* v. *Eddy,* 12 Blatchf. 195. The costs incurred in that case were in obedience to a rule of court, but without any statutory or other express authority, under the rule, to have the amount expended taxed. While the amount of the allowance in that case was not supported by any direct authority, the court was of opinion that, inasmuch as the expenditures were made in order to obey the directions of the court, it was legally taxable as costs. No case was cited in support of this ruling, and, in my opinion, is opposed by the almost universal rule announced by the courts of this country and England.

It is certainly a very great hardship that a litigant who has been illegally and unjustly adjudged to pay a sum of money, or suffer otherwise from a failure of justice in an inferior court, that he cannot be reimbursed absolutely necessary expenditures, in the way of transcript and printing fees paid out by him; but, as the source of all costs is statutory, the remedy for the evil must be by statute.

Cost is a pecuniary allowance made by positive law to the successful party in a suit, or a distinct proceeding within a suit, in consideration of and to reimburse his probable expenses. Abb. Law Dict. The word "costs" is a word of well-known legal significance. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law, as charged for the services enumerated in the "fee-bill." *Apperson* v. *Insurance Co.,* 38 N. J. Law, 272; Amer. & Eng. Cyclop. Law, tit. "Costs."

The motion will be sustained, and the costs retaxed as herein directed.

LONG, C. J., and REEVES and BRINKER, JJ., concur.

NOTE.

COSTS ON APPEAL—TAXATION. When the judgment is reversed the plaintiff in error is entitled to recover his costs in the supreme court. Republican Val. R. Co. v. Fink, (Neb.) 44 N. W. Rep. 434. Outlays for printing the brief required by the supreme court rules cannot be taxed as costs of appeal against the unsuccessful party. Cline v. Crescent City R. Co., (La.) 7 South. Rep. 66. Under the *Wisconsin* statute, costs may be allowed for drawing the bill of exceptions. Schwalbach v. Chicago, M. & St. P. Ry. Co., 40 N. W. Rep. 579. Where, pending an appeal, the transcript is destroyed by fire, and the appellant has another one made out, the costs thereof are taxable to the appellee, on reversal. Moore v. Bayne, (Tex.) 12 S. W. Rep. 850. Under the *Texas* statute making each party responsible to the officers of the court for the costs incurred by him, and providing that the clerks may demand payment of all costs up to the adjournment of each term, a district clerk cannot be enjoined from collecting appeal costs from the appellant, although he is successful. Moore v. Moore, 8 S. W. Rep. 28. Where, instead of applying to the court below for the correction of a judgment, which was entered in an improper form, the party appeals therefrom, the costs in both courts will be awarded against him. Dodge v. Richardson, (Tex.) 8 S. W. Rep. 30. *Contra,* Kenyon v. Framel, (Iowa,) 28 N. W. Rep. 37. The expense of printing a brief to be used on appeal is properly taxed against the defeated party, when the brief was evidently made in good faith. Lumber Co. v. Gray, (Mich.) 42 N. W. Rep. 839. In the absence of a statute authorizing it, the county court cannot make an order requiring parties appealing therefrom to pay all accrued costs before having the appeal perfected. Cunningham v. Quinn, (Colo.) 21 Pac. Rep. 488. Upon an appeal from an order granting defendant's motion to

dismiss an attachment suit, but denying him his costs and disbursements, and also from another order denying his request for the impanelment of a jury to assess the damages sustained by reason of the attachment of the property, he is entitled to the costs of one appeal only. Machine Works v. Hosig, (Wis.) 41 N. W. Rep. 70. Under the statute authorizing the appellate court, when satisfied that the appeal was taken only for the purpose of delay, to add to the costs such damages as may be just, the court, when so satisfied, will assess damages, even though the attorney prosecuted the appeal in good faith, believing that there was sufficient ground for reversal. Lemon v. Rucker, (Cal.) 22 Pac. Rep. 471.

Where defendant's counsel assign a great number of errors, but abandon most of them in the argument, the plaintiff is justified in procuring additional abstracts covering all the points assigned, and he should not be required to pay the expense thereof. Rayburn v. Central Iowa R. Co., (Iowa,) 35 N. W. Rep. 606. On dismissing an appeal for want of jurisdiction, the appellate court may properly enter judgment against appellant for costs. Le Moyne v. Harding, (Ill.) 23 N. E. Rep. 416; Kent v. Commissioners, (Kan.) 22 Pac. Rep. 610. Under the rules of the *Iowa* supreme court, the costs of printing the appellee's additional abstract will be taxed to appellant, but not the costs of the preparation, unless the appellant has intentionally omitted material matter. Schneitman v. Noble, 39 N. W. Rep. 224. The costs in the supreme court will be awarded against the appellant, although the case is reversed, when such reversal is made necessary by his error in invoking the jurisdiction of the circuit court, when he had no right to resort to it. Blacklock v. Small, 8 Sup. Ct. Rep. 1096. Where the appellee in good faith contends that there is no conflict in the evidence upon a certain point, the costs of an abstract filed to sustain this view will not be charged to him, if he prevails. King v. Mahaska Co., (Iowa,) 39 N. W. Rep. 636. Where the appellee files an amended abstract containing a denial of the correctness of appellant's abstract, and the latter consents that the case shall be heard on the abstract and amendment, such consent is an admission of the incompleteness of the abstract, and the costs of the amendment will not be taxed to the appellee. Winter v. Central Iowa R. Co., (Iowa,) 45 N. W. Rep. 737. Where the entire mass of evidence is inserted in the record, without any official authentication, and it is apparent that every material fact could have been stated in a greatly condensed form, the appellants will be taxed with the costs of printing the record, though they succeed on the merits of the appeal. Dumay v. Sanchez, (Md.) 18 Atl. Rep. 890. Where the record is unnecessarily prolix, a deduction will be made in taxing the costs of printing. Maltby v. Plummer, (Mich.) 41 N. W. Rep. 683. Where the appellant's abstract of the record consists of 33 printed pages, when 10 pages would have sufficed to present the material questions, upon reversal the cost of 23 pages will be taxed to appellant. Diamond v. Palmer, (Iowa,) 44 N. W. Rep. 819.