[No. 218.   Remanded from May Term, 1885.   Heard on Motion to retax costs, January Term, 1889.]

## J. R. PRICE ET AL., APPELLEES, v. WILLIAM GARLAND, APPELLANT.

COSTS ON APPEAL, TAXATION OF.—While rule 23 of the supreme court requires that the record be printed, in certain cases, it does not give authority to tax as costs the expense of printing it. Nor is there any statutory authority for allowing such expense, or the expense of appellant's brief, or a stenographer's fee, to be taxed as costs on appeal; and, in the absence of such authority, such items can not be properly charged as part of the costs awarded appellant on a reversal of the judgment.

MOTION to retax costs. Motion sustained.

The facts are stated in the opinion of the court.

HENDERSON, J.—This case was decided at a former term, and the judgment below reversed, and the cause remanded for further proceedings. The clerk taxed the costs against the appellee, as directed in general terms by the judgment of reversal, but in so doing he embraced in the bill of costs several large items of expense by appellant in perfecting and docketing his appeal in this court. The items sought by the motion to be stricken out of the taxed cost bill are: First, the cost of printing the record; second, the cost of printing appellant's brief; third, the amount paid the stenographer for transcribing his notes of the evidence.

In support of the motion, it is contended that no disbursement made by appellant, however necessary, can be taxed as costs in this court, unless the statutes of the territory, or a rule of the court having the form TAXATION of costs of a statute, can be found, authorizing the on appeal. clerk to tax it. It may be assumed as an undisputed fact, shown by the affidavit filed in pursuance of a stipulation entered in the cause, that the expenditures by appellant were necessary, and the amounts actually paid reasonable; and that the items entered in the tax bill correctly represent the amounts paid, and on what account. The motion and proofs submitted present the naked question of the liability of the appellee to reimburse appellant for amounts necessarily expended by him, in order to review a judgment in the district court. Chapters 16, 17, Compiled Laws, New Mexico, contain all the statutes on this subject pertinent to the question submitted. There is no express authority to be found in the laws of the territory that will warrant the taxation of these items. But it is contended by counsel opposing the motion that the rules of the court made it a condition to his right of appeal and review that the record and brief be printed. Rule 23 does require, in cases of this kind and amount, that the record be printed, but it does not confer the power to tax as costs the sum

so paid. Whether or not the items mentioned ought to be included as a part of the taxable costs must depend upon the general rule or principle of the law of costs in England and in this country. The power to tax a sum expended by a successful party as costs, with which to reimburse him for expenditures made against the losing party, has its origin in statutes, and not in the common law.

At first, by the common law, no costs were awarded to either party eo nomine. If the plaintiff failed to recover, he was amerced pro falso clamore; if he recovered judgment, the defendant was in misericordia for his unjust detention of the plaintiff's debt, and was not, therefore, punished with the expensa litis under that title. But, this being considered a great hardship, the statute of Gloucester (6 Edw. 1, c. 1) was passed, which gave costs in all cases when the plaintiff recovered damages. This was the origin of cost de incremento; for, when the damages were found by the jury, the judges held themselves obliged to tax the moderate fees of counsel and attorneys that attended the case. "Under the provisions of this statute every court of common law has an established system of costs, which are allowed to the successful party by way of amends for his expense and trouble in prosecuting his suit. It is true, no doubt, and is specially so in this country, that the legal taxed costs are far below the real expenses incurred by the litigant. Yet it is all the law allows as expensa litis." Justice GRIER in Day v. Woodworth, 13 How. 363. See, also, Kneass v. Bank, 4 Wash. C. C. R. 238.

The courts have no power to award costs simply because they have power or jurisdiction over the subject-matter of the suit, or the parties to it. Costs are purely the subject of legislative appointment. Coggill v. Lawrence, 2 Blatchf. 304. Nor can courts go beyond the provisions of the statute to allow costs. Dedekam

v. Vose, 3 Blatchf. 153. A copy of the record is not a part of the taxable costs of a suit to be recovered by one party against another. Caldwell v. Jackson, 7 Cranch, 277. Nor can the costs of printing a brief be taxed. Jennings v. The Perseverance, 3 Dall. 336; Ex parte Hughes, 114 U. S. 548. The cost of printing the record is now taxed, but this is so by reason of an act of congress. 96 U. S. 594.

The only case I have found which is directly in point, holding a contrary view, is that of Dennis v. Eddy, 12 Blatchf. 195. The costs incurred in that case were in obedience to a rule of court, but without any statutory or other express authority, under the rule, to have the amount expended taxed. While the amount of the allowance in that case was not supported by any direct authority, the court was of opinion that, inasmuch as the expenditures were made in order to obey the directions of the court, it was legally taxable as costs. No case was cited in support of this ruling, and, in my opinion, is opposed by the almost universal rule announced by the courts of this country and England.

It is certainly a very great hardship that a litigant who has been illegally and unjustly adjudged to pay a sum of money, or suffer otherwise from a failure of justice in an inferior court, that he can not be reimbursed absolutely necessary expenditures, in the way of transcript and printing fees paid out by him; but, as the source of all costs is statutory, the remedy for the evil must be by statute.

Cost is a pecuniary allowance made by positive law to the successful party in a suit, or a distinct proceeding within a suit, in consideration of and to reimburse his probable expenses. Abb. Law. Dict. The word "costs" is a word of well-known legal significance. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law, as charges for the services enumerated in the "fee bill." Apperson v.

Mutual Benefit L. I. Co., 38 N. J. Law, 272; Am. & Eng. Encyclopedia, Law, tit. "Costs."

The motion will be sustained, and the costs retaxed as herein directed.

LONG, C. J., and REEVES and BRINKER, JJ., concur.