BAKER *et al. v.* HOWELL *et al.*

*(Circuit Court, D. Nebraska.* December 4, 1890.)

COURTS—JURISDICTIONAL AMOUNT—PROTEST FEES.

    Protest fees are taxable costs within Rev. St. U. S. § 983, providing that "lawful fees for exemplifications and copies of papers necessarily obtained for use on trials" shall be taxed as costs; and though Comp. St. Neb. c. 41, § 6, provides that the holder of a note may bring "an action for principal, damages, and interest, and charges of protest," yet such fees for protest cannot be considered as part of the "matter in dispute" within Act Cong. March 3, 1887, § 1, (24 St. 552,) as corrected by Act Cong. Aug. 13, 1888, (25 St. 434,) restricting the jurisdiction of the United States circuit court to suits "where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000."

At Law.

*Gregory, Day & Gregory,* for plaintiff.

*E. M. Bartlett,* for defendant.

Before CALDWELL and DUNDY, **JJ.**

CALDWELL, J. The act of congress of March 3, 1887, § 1, (24 St. 552,) as corrected by Act Aug. 13, 1888, (25 St. 434,) restricts the jurisdiction of this court, in respect to the amount necessary to give jurisdiction, to suits "where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars." This suit is founded on a promissory note for the sum of $2,000, and is brought against the makers and indorsers. The petition contains an allegation "that the notary fees for the due presentation and protest of said note were and are of the full sum of three and 50-100 dollars, which the plaintiffs were required to pay, and did pay;" and this is set up and relied on as an additional substantive indebtedness to make the matter in dispute exceed $2,000. The question for decision is, are the notary's fees to be treated as "costs," within the meaning of that word as used in the act of congress, or as an independent substantive debt, which may be used to increase the sum of "the matter in dispute." The statute of this state provides that the holder of any note may bring "an action for principal, damages, and interest, and charges of protest against the drawers, makers, and indorsers" of the same. Comp. St. Neb. c. 41, § 6. The act regulating and establishing the fees of public officers in this state fixes the fees of a notary for each protest, recording the same, and giving notice of protest, (Id. c. 28, § 19,) and makes his certificate, that he demanded payment and gave notice of non-payment, presumptive evidence of these facts, (Id. c. 61, § 6.) The sum paid by the plaintiffs to the notary was for an official service performed by a public officer for a fee fixed by statute. This official act was a necessary step to be taken by the plaintiffs to fix the liability of the indorsers, and to perpetuate and procure record evidence of their cause of action against them. It is true that the demand of payment may be made, and notice of non-payment given, by any person competent to testify as a witness, but in such a case there is always the danger that the witness may

v.44F.no.2—8

die, or that he cannot be found when wanted to prove the facts. The law, therefore, wisely makes provision for having this service performed by a public officer, who is required to keep a record of his official action, and this record the law of this state makes presumptive evidence of the facts therein stated. It is the making of this record that entitles the notary to the fees provided by law. He is entitled to no fees unless he makes this record; and, when the holder of the protested paper pays these fees, he is entitled to have them taxed as part of his costs, if he recovers judgment on the protested note. The costs of protest are incident to the recovery on the protested note, and are no part of the debt sued for. They are no such part of the "matter in dispute" as to give the court jurisdiction by increasing the amount involved. It is an error to suppose that no expense is taxable as costs save such as is incurred after suit brought. All expenses incurred by the plaintiff in procuring and perpetuating evidence of his demand against the defendant before suit brought, as well as all expenses incurred in the prosecution of the suit, which the law provides he may recover from the defendant, are costs. Section 983 of the Revised Statutes of the United States provides that—

"The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause."

This section is conclusive of this case. Under this section, which is a part of the fee bill established by Act Cong. 1853, it is the uniform practice of the United States courts to allow the plaintiff as part of his costs the protest fees allowed by law, and paid to the notary, whether claimed in the complaint or not. I have been familiar with the practice in one district for a quarter of a century, in which it was the rule to treat the protest fees as costs, and tax them accordingly, as of course, though not mentioned in the complaint, and in all that time the correctness of the practice was never challenged. Where public records or certified copies of such records are necessary evidence for a party, he may procure the same, and the fees allowed by law to the officers making and certifying said records are, under section 983, taxable as part of his costs in the case, if he succeeds, without regard to the fact whether such records were procured before or after suit brought. *Hussey* v. *Bradley*, 5 Blatchf. 134; *Dennis* v. *Eddy*, 12 Blatchf. 195; *Gunther* v. *Insurance Co.*, 10 Fed. Rep. 830; Fost. Fed. Pr. 494; *Huntress* v. *Epsom*, 15 Fed. Rep. 732. The notarial protest in this case is precisely such a record, and the fees for making and obtaining it are costs, and taxable as costs. Deducting these costs, the matter in dispute in this cause, "exclusive of interest and costs," does not exceed the sum of $2,000. On a question of jurisdiction, the court has no discretion but to give effect to the act of congress without liberality of intendment or construction.

The act of congress provides that, if it shall appear to the satisfaction of the court at any time after a suit brought or removed into this court that such suit "does not really and substantially involve a dispute or controversy properly within its jurisdiction," the court shall proceed no further, but shall dismiss the suit or remand it.    In obedience to this injunction of the statute, this cause must be dismissed.

DUNDY, J., concurs.