## ROGERS v. BROWN et al.

(District Court, S. D. New York. March 30, 1905.)

ADMIRALTY—EMPLOYMENT OF STENOGRAPHER ON REFERENCE—POWER OF COURT TO AUTHORIZE.

A court of admiralty has power to authorize the employment of a stenographer, whose fees shall be taxed as costs, to take and transcribe the testimony before a commissioner on a reference, and will exercise it where the parties refuse to stipulate, and the services of a stenographer are necessary if progress is to be made on the hearing, as where it involves a large number of disputed items of account.

In Admiralty. On motion for order authorizing commissioner to employ stenographer.

Carpenter, Park & Symmers, for the motion.
Frederick W. Park, opposed.

ADAMS, District Judge. This is a motion to authorize the employment of a stenographer to take and transcribe the minutes of a trial of a large number of items, constituting the libellant's claim of $19,363.58. The matter comes before me on a certificate of the commissioner as follows:

"I, Herbert Green, the Commissioner to whom the matters in controversy were referred by the Court in the above cause, hereby certify that the first cause of action set forth in the libel is for the recovery of an alleged balance of $19,363.58 for vessel supplies sold and delivered to respondents, and the answer is in substance a general denial. To make out his case, libellant is required to prove a vast number of items ranging from ten cents upwards, not one of which is admitted by respondents in their answer, or has thus far been admitted on the reference, in which four hearings have been had and little progress made except at the last hearing, when I made use of the services of an expert stenographer to take the testimony for that occasion only and for whose compensation I became personally responsible. If I am required to take down the testimony in long hand, the rate of progress will be so slow that the reference will continue indefinitely. Respondents' proctor has refused to consent that the fees of a stenographer be taxed as an item of costs, but owing to the nature of the action, the issues presented and the character of the evidence required the services of a stenographer are essential if progress is to be made, and the case is, in my opinion, pre-eminently one in which the court should exercise such power as it has to authorize the employment of a stenographer whose fees shall be a taxable disbursement."

The respondents oppose the motion upon the ground:

"First, that they respectfully submit the Court has no authority to make such an order as is petitioned for herein. Second, on the ground that the fees of stenographers in Courts of Admiralty are thirty cents a folio and are exorbitant and unwarranted; the fees for stenographer for similar services in the Supreme Court of this State being but ten cents a folio. Third, on the ground that it would impose unnecessarily harsh terms upon them if they should not succeed in this action and should be obliged to pay the said stenographer's fees.

It is true the libellants claim some nineteen thousand dollars, and that the reference will be necessarily long and tedious, but that is incident to litigation of this class, and is hardly an excuse for employing a stenographer where such employment is objected to."

Ordinarily, there is no difficulty about a matter of this kind, because the employment of a stenographer is so obviously for the convenience

of all parties, as well as of the court, that an agreement to that effect is the desire of the litigants and they readily enter upon the necessary stipulation. This is a case, however, in which the respondents, for the reasons stated, object to the use of a stenographer and ,the question is whether the court has authority to direct the employment of one, and make the expense a taxable disbursement in the action, because, assuming it has such authority, there does not seem to be any question but that it should be exercised here to expedite the transaction of business. It has been the practice in this court for many years to have the parties stipulate for the employment of a stenographer in each case and that has come to be regarded as necessary and doubtless is, where the court does not make a general or special order, but it seems to be well settled that the court may, in the furtherance of justice, make such orders as will tend to advance its business.

It is provided in the Revised Statutes:

"Sec. 918. The several circuit and district courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court under the preceding section, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." [U. S. Comp. St. 1901, p. 685.]

In Hussey v. Bradley, 5 Blatch. 210, Fed. Cas. No. 6,946a with respect to the taxation for printing pleadings, testimony etc., Judge Hall said, in disallowing them:

"The third item also must be disallowed. It is not shown that the printing charged for was done by the consent of the parties, and under an agreement that the expense thereof should be charged as costs in the case, or that any order or rule of Court, either special or general, required or authorized the printing of the papers for the printing of which these charges were made. In Brooks v. Byan, 2 Story, 553, Fed. Cas. No. 1,949, where the record had been printed by order of the Court, and the bill was dismissed without costs to either party as against the other, the Court directed the costs of such printing to be equally divided between, and paid by, the parties. This was, however, on the ground that the expenditure had been ordered by the Court and was considered to have been incurred for the benefit of both parties. I am much inclined to think that the Circuit Court ought to adopt a rule that, in all Equity cases, the papers necessary to be examined by the Court on the hearing shall be printed, and to provide for the taxation of the expense as part of the costs of the cause; but until this is done, the costs of such printing, in the absence of any agreement of the parties or order of the Court, should not be taxed."

Subsequently, a similar question came up before Woodruff, J., in Dennis v. Eddy, 12 Blatch. 195, 198, Fed. Cas. No. 3,793, and he said:

"2. The appeal of the defendants is from the taxation of the cost of printing the papers, which, by rule of Court, the complainant was required to have printed. It was a necessary disbursement, made by order of the Court. I am of opinion, that the Act of Congress, of February 26th, 1853, c. 80 (10 Stat. 161), was not intended to prohibit the allowance of indemnity for such disbursements as were made necessary by the order of the Court, and that it does not prohibit such allowance. After the decision in Hussey v. Bradley, 5 Blatchf. 210. Fed. Cas. No. 6,946a, this Court adopted the rule which made the printing imperative. The appeal of the defendants must be overruled."

Later, a question respecting the taxation of stenographer's fees came up before Benedict, J., in The E. Luckenbach (D. C.) 19 Fed. 847, and he said:

"The judge's notes of the trial of this cause contain the memorandum 'Stenographer take notes.' This memorandum indicates a direction given at the time that the testimony given in court be taken down by a stenographer. A direction to that effect made in open court is sufficient. It was unnecessary to enter a formal order. The sum paid stenographer was therefore for services rendered in pursuance of a direction of the court, and, like the expenses of printing (Dennis v. Eddy, 12 Blatchf. 195, Fed. Cas. No. 3,793), is taxable by the successful party."

The objecting parties have referred to no authority sustaining their contention and these uphold the libellant's position.

The respondents' second objection is apparently without merit. A much lower rate than thirty cents a folio is frequent and I understand that in this case the services can be had for considerably less, depending upon the number of copies required.

The motion is granted.