## UNITED STATES *v.* KURTZ.

### APPEAL FROM THE COURT OF CLAIMS.

No. 530.  Submitted October 13, 1896. — Decided October 26, 1896.

A clerk of a Circuit Court who is directed by the court to keep a criminal final record book, in which are to be recorded indictments, informations, warrants, recognizances, judgments and other proceedings, in prosecutions for violating the criminal laws of the United States, is not entitled, in computing folios, to treat each document, judgment, etc., as a separate instrument, but should count the folios of the record as one instrument continuously from beginning to end.

A clerk's right to a docket fee, as upon issue joined, attaches at the time such issue is in fact joined, and is not lost by the subsequent withdrawal of the plea which constituted the issue; and this rule applies to cases in which, after issue joined, the case is discontinued on *nol. pros.* entered.

When a list of the jurors, with their residences, is required to be made by the order or practice of the court, and to be posted up in the clerk's office or preserved in the files, and no other mode of compensating the clerk is provided, it may be charged for by the folio.

The clerk is also entitled to a fee for entering an order of court directing him as to the disposition to be made of moneys received for fines, and for filing bank certificates of deposit for fines paid to the credit of the Treasurer of the United States.

THIS was a petition by Kurtz, who was clerk and commissioner of the Circuit Court for the Eastern District of Wisconsin, for fees alleged to have been earned by him in both capacities.

The case resulted in the allowance of a large number of disputed items, and a final judgment in favor of the petitioner in the sum of $165.10. The government appealed, and

assigned as error the allowance of certain items specifically
set forth in the opinion.

*Mr. Assistant Attorney General Dodge* for appellants.

*Mr. Charles C. Lancaster* for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

1. The first assignment of error is taken to the allowance
to the petitioner of clerk's fees for recording in the final
record books the entries and proceedings in various criminal
cases, consisting of the indictment or information, warrants,
recognizances, judgments and other proceedings, as required
by rule of court, at fifteen cents per folio. It seems that
these records were made by him in compliance with a rule of
the Circuit Court adopted November 3, 1890, requiring the
clerk to keep a criminal final record book, in which should be
recorded "the indictment or information, and all recogni-
zances, warrants, process, (except writs of subpœna and pro-
ceedings thereunder,) judgments, and other proceedings in
every prosecution for violation of the criminal laws of the
United States." For making up these records the clerk
charged a fee of fifteen cents per folio in pursuance of the
eighth subdivision of Rev. Stat. § 828, which entitles him to
this amount "for entering any return, rule, order, continu-
ance, judgment, decree or recognizance, or drawing any
bond, or making any record, return or report." The only
objection was to the clerk's method of computing folios by
treating each document, judgment, order and direction of
the court as a separate instrument for the enumeration of
folios, instead of counting the folios of the record as one
instrument continuously from beginning to end.

The assignment is well taken. By his method of computa-
tion the clerk charges for each entry, many of which are less
than a dozen words in length, as for one hundred words.
This may be proper where the charge is made under the
first clause of the paragraph "for entering any return, rule,

order," etc., upon the journal of the court, but the evident intent of the statute is that for the purpose of making up the record as a history of the case the entire record shall be taken as one instrument.

2. The next item to which the government objects is to the allowance for making dockets, indexes, taxing costs, etc., in nine cases, in which defendants at first pleaded not guilty, and at a later day, with no steps or proceedings intervening, withdrew such plea, pleaded guilty, and judgment was entered upon such plea.

In this connection section 828 provides as follows:

"For making dockets and indexes, issuing venire, taxing costs and all other services, on the trial or argument of a cause where issue is joined and testimony given, three dollars."

For like services "in a cause where issue is joined, but no testimony is given, two dollars."

For like services "in a cause which is dismissed or discontinued, or where judgment or decree is made or rendered without issue, one dollar."

The argument of the government is that as the plea of not guilty, which constituted the issue, was withdrawn, and a plea of guilty subsequently entered, upon which judgment was rendered, the case should be treated as one in which no issue was ever joined, and that the condition in which the case stands when finally disposed-of is the criterion for the fee to be charged — in other words, if the case be finally disposed of upon a plea of guilty, regardless of the issue previously joined, the clerk is only entitled to the fee which would have been allowed him if no issue had ever been joined.

While we have held that a docket fee is not taxable until the case is finally disposed of, *United States* v. *McCandless*, 147 U. S. 692, 694, ¶ 3, we are still of the opinion that the clerk's right to the docket fee as upon issue joined attaches at the time such issue is in fact joined, and is not lost by the subsequent withdrawal of the plea which constituted the issue. Even when the clerk is allowed three dollars, there is no requirement that judgment shall be entered upon the issue, but

only that testimony shall be given, the only difference between the first and second paragraphs being that testimony must be taken to entitle the clerk to three dollars, while, where none is taken, he is entitled to two dollars. If the position of the government be sound it would seem to follow that, if the defendant plead not guilty and a jury trial be had, and the jury disagree, or, before verdict actually rendered, the defendant withdraw such plea and enter a plea of guilty, the clerk is entitled to no more than he would have been if the defendant had pleaded guilty upon first being arraigned. We think this could not have been the design of the statute.

3. The next item differs from the last only in the fact that, after issue was joined, the case was subsequently discontinued upon *nol. pros.* entered. Literally it falls within the third paragraph of a cause " dismissed or discontinued "; but, we think that clause applies only to those cases where the case is dismissed or discontinued before issue has been joined, and that, as in the previous case, the clerk's right to the larger docket fee attaches at the time issue is joined. There is somewhat more doubt as to the construction of this paragraph than the last; but upon the whole we think that it was the design of the statute to allow the larger docket fee in every case where issue was joined in the course of the proceedings.

4. Objection is made to a folio charge for making a record of the names of jurors with their residences, as drawn by the jury commissioner. In the case of *United States* v. *King*, 147 U. S. 676, 678, we held that the statute creating jury commissioners, act of June 30, 1879, c. 52, 21 Stat. 43, did not make the clerk of the court such commissioner, although it required him to act with the commissioner in selecting the names of jurors, and placing them in the jury box; and that a new duty was thereby imposed upon him as clerk, for which no compensation was provided by law. The question in that case was whether the clerk was entitled to a per diem fee of five dollars for services in selecting jurors, in analogy to the compensation allowed to the jury commissioner; and it was held that he was not. But it was not intended in that case to hold that the clerk was bound to forego any of his ordinary

fees as clerk, simply because he was aiding the jury commissioner in the performance of a new duty; and it seems to us that if the practice in that court requires the clerk to make a record of the names of jurors with their residences, or to do any other incidental work, in connection with the names of the jurors drawn, he is entitled to charge for that as for "making a record." It does not appear that a list of the jurors with their residences is strictly a part of the records of the court; but assuming that such list is required to be made by the order or the practice of the court, and posted up in the clerk's office, or preserved in the files, and no other method of compensating the clerk is provided, we think it may be properly charged for by the folio.

5. The final objection of the government is made to an item for entering an order of court, directing the clerk as to what disposition to make of the money received for fines in certain cases, and for filing thirteen certificates of deposit of the bank for fines paid in to the credit of the Treasurer of the United States. The claim of the government is that the statutory fee of one per cent. "for receiving, keeping and paying out money in pursuance of any statute, or order of court," covers all incidental services in this connection, including the entry of all orders for the payment of the money, and a filing of all receipts given by the persons to whom it is paid.

We think, however, the commission of one per cent. was intended to compensate the clerk for his services and responsibility in the receipt, the safe-keeping and the proper disbursement of the money, and was not intended to deprive him of fees to which he would have been entitled if the money had been kept and disbursed by another officer. As the charge seems to be equitable, and has the sanction, not only of the Court of Claims, but of several other courts, we are not disposed to disturb it. *Goodrich* v. *United States,* 42 Fed. Rep. 392, 394; *Van Duzee* v. *United States,* 48 Fed. Rep. 643, 646.

It results that, for the error of the Court of Claims in respect to the first item, its judgment must be

*Reversed, and the case remanded for a new judgment in conformity to this opinion.*