### UNITED STATES v. MARSH.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1901.)

No. 973.

1. CLERKS OF UNITED STATES COURTS—FEES—RULES OF COURT.
   While a court may properly direct its clerk, as to the manner of keeping his records, by a rule or order, it cannot authorize him to charge fees for the making of such records, except under and in accordance with some statutory provision.

2. SAME.
   Under Rev. St. § 828, par. 8, providing that clerks of United States courts shall receive fees "for entering any return, rule, order, continuance, judgment, decree, or recognizance, or drawing any bond or making any record, certificate, return or report, for each folio fifteen cents"; and section 854, which defines a folio as 100 words, and provides that less than 50 words shall not be counted, "except when the whole statute, notice, or order contains less than 50 words,"—one proceeding, as an arraignment and plea, or a sentence and judgment, entered at the same time as one entry, cannot be divided so as to count each part of it as a separate folio, regardless of the number of words, although by a rule of court each part is required to be made separate and distinct; but where the transactions occur separately, as where, on arraignment, time is given to plead, and the entries are made at different times, each may be counted as a folio, under the first paragraph of the provision.

3. SAME—SWEARING JURORS ON VOIR DIRE.
   Under Rev. St. § 828, par. 4, providing that clerks of United States shall receive as a fee "for administering an oath or affirmation, except to a juror, ten cents," a clerk is not entitled to a fee for swearing persons summoned to serve as grand or petit jurors to answer on their voir dire as to

their qualifications, the term "juror" being used in the statute in its generally accepted sense, as meaning any person selected and summoned according to law to serve in that capacity.

4. SAME—ORDER FOR REMOVAL OF PRISONERS.

The provision of Rev. St. § 1030, that "no writ shall be necessary to bring into court any prisoner or person in custody or for remanding him from the court into custody, but the same shall be done on the order of the court or district attorney, for which no fee shall be charged by the clerk or marshal," has reference to prisoners or witnesses in custody while in attendance upon a session of court, and does not deny the clerk fees for entering orders of court for the removal of prisoners from one county to another, into which they are to be brought for trial, but he is not entitled to a fee for entering an order for the bringing of prisoners into court for trial or sentence or for remanding them to jail.

In Error to the District Court of the United States for the Northern District of Florida.

This action is brought by Frederick W. Marsh, who resides at Pensacola, in the Northern district of Florida, against the United States. The suit is on an account for fees attached to the petition, which the plaintiff claimed were earned and became due to him as clerk of the United States circuit and district courts for the Northern district of Florida. It is alleged that the account had been proved as required by law in open court to the satisfaction of the court, and that an order had been made by the said district court approving the account. Afterwards, the account was presented to the accounting officers of the United States treasury, and the items here sued on were finally disallowed and rejected. The items are to some extent classified by the schedules. The different classes or schedules will be referred to in the opinion. The United States filed a demurrer to each and every item and charge set forth in the petition, because the same did not show a legal charge against the United States. A plea was also filed by the United States, which was a general denial of the plaintiff's claim. The case was submitted to the district court for final judgment on the following agreement:

"It is agreed by and between F. W. Marsh, the petitioner in the above-entitled case, and John Eagan, district attorney for the United States in and for the Northern district of Florida, on behalf of the United States, that the foregoing cause shall be submitted upon the pleadings and upon the following conditions: (1) That the demurrer and plea filed by the United States shall be considered jointly as raising an issue of law to all of the items in said petition, and a denial of the liability of the United States to pay, in any event, claims of this nature, upon the ground that there is no legal fee provided for services of this nature under the circumstances upon which these were rendered. (2) That the acts and services set forth in the said petition were actually rendered by the petitioner in the manner and under the circumstances set forth in the said petition, the necessity of which is questioned by the United States in these proceedings. (3) That all the items in the petition were embodied in the various accounts of the petitioner during the quarters mentioned in the petition, which said accounts were examined by the district attorney, and formally approved by the court: after which they were transmitted to the proper department of the government, and audited, and finally disallowed, for the reasons set forth in the disallowance sheets sent to the petitioner. (4) That the court shall consider the case as presented by the pleadings and the accounts wherein said items are contained, the disallowance sheets as sent in by the department, and the explanation submitted by the petitioner, in compliance with the request to that effect by the department; but said accounts and disallowance sheets and explanations used in this case, as above provided for, shall not be considered a part of the record, unless either party hereto shall deem it necessary to incorporate the same in the record, in case of appeal from the judgment of the court herein to a higher court, and in that event such parts thereof shall be incorporated in the appellate record, as either party may require, by written request, setting out such parts or extracts therefrom; that the court shall consider, in connection with said items,

all the rules of court, orders entered in the circuit and district courts for this district, and all regulations of the various departments of the government bearing upon the matter in controversy. Upon the above data, the court shall, in its opinion filed in this case, set out the findings in the premises, and upon such findings the judgment herein shall be based.

"F. W. Marsh, Petitioner.
"John Eagan, United States District Attorney."

The court gave judgment for the plaintiff against the United States for the sum of $292.65 and costs. The opinion of the district court is reported in 88 Fed. 879. The case is brought here by writ of error by the United States, and the action of the district court in allowing the various items of the account is assigned as error.

John Eagan and W. W. Howe, U. S. Attys.
Frederick W. Marsh, in pro. per.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

1. Schedule A, forming part of the bill of particulars, consists of "charges for entering proceedings of court in criminal causes made in journals of court in particular cases, as arraignment, plea, sentence, verdict, judgment, counting each separate proceeding as one folio." It is stated in the petition that these items "were disallowed by the comptroller on the ground that they must be counted consecutively and allowed as a single entry for any and all proceedings on a particular day." The clerk's fees are fixed by section 828 of the Revised Statutes. Paragraph 8 of that section is as follows: "For entering any return, rule, order, continuance, judgment, decree, or recognizance, or drawing any bond, or making any record, certificate, return, or report, for each folio, fifteen cents." Section 854 defines the term "folio" to mean 100 words, counting each figure as a word. It also provides that, when there are over 50 and under 100 words, they shall be counted as one folio; but a less number than 50 words shall not be counted, "except when the whole statute, notice, or order contains less than 50 words." Previous to the rendition of the services involved in the suit, the court of which Marsh, the petitioner, was clerk, adopted the following rule: "It appearing to the court that the adoption of forms, as a guidance to the clerk of this court in making the journal entries in criminal cases, would be both expedient and a protection to said officer, the following forms are hereby adopted and declared to be proper entries in criminal cases; each motion, order, plea, or sentence to be made separate and distinct." This rule seems to us a very proper one. It will naturally tend to the orderly keeping of the journals of the court. The rule, however, would not authorize the clerk to charge any fees which were not allowed by the statute. The right of an officer to charge fees or costs exists only when it is conferred by legislation. The courts have no inherent power to award costs. They can only be taxed in any case or proceeding by virtue of express statutory authority. Coggill v. Lawrence, 2 Blatchf. 304, Fed. Cas. No. 2,957; Kneass v. Schuylkill Bank, 4 Wash. C. C. 106, Fed.

Cas. No. 7,876; O'Neil v. Railroad Co. (C. C.) 31 Fed. 663; 5 Enc. Pl. & Prac. 110. In U. S. v. Shields, 153 U. S. 88, 91, 14 Sup. Ct. 735, 38 L. Ed. 645, the court said: "Fees allowed to public officers are matters of strict law, depending upon the very provisions of the statute. They are not open to equitable construction by the courts nor to any discretionary action on the part of the officials." It is true that, where a rule of court imposes additional work on the clerk, he is entitled to compensation for such additional work, if a statute exists which by fair construction will compensate him. In U. S. v. Kurtz, 164 U. S. 49, 17 Sup. Ct. 15, 41 L. Ed. 346, the clerk was allowed to charge by the folio for making out a record of lists of jurors when acting with the jury commissioner, the court having required such record to be kept. The clerk's duties may be regulated by rules of court, but his right to fees must be based on legislation.

Construing subdivision 8 of section 828 of the Revised Statutes, the supreme court held that, where the circuit court adopted a rule requiring the clerk to keep a final record book in which should be recorded the indictment or information, and all recognizances, warrants, and process judgments and other proceedings, the clerk was not allowed to charge by computing folios, by treating as a separate document each judgment, indictment, and order. By this method the clerk, said the court, would charge for each entry, "many of which are less than a dozen words, as for one hundred words." The court added: "This may be proper when the charge is made under the first clause of the paragraph, 'for entering any return, rule, order,' etc., upon the journal of the court." U. S. v. Kurtz, 164 U. S. 49, 17 Sup. Ct. 15, 41 L. Ed. 346. The statute by its terms allows the separate orders to be so computed, but it is not intended that one proceeding, as an arraignment and plea, or a sentence and judgment entered at the same time and as one entry, should be divided so as to count each part of it as a separate folio, regardless of the number of words. The order of the circuit court relied on by the defendant in error is not properly so construed. And, moreover, the clerk and all officers of court must find authority to charge fees in the statutes; otherwise, they cannot be charged. Where the judge of the court requires orders or entries to be made by the clerk, they may be charged for under existing statutes, which include the services rendered. In Cavender v. Cavender (C. C.) 10 Fed. 828, we find one brief sentence about the statute here construed: "It should be remarked that when an original entry of an order is made, though less than a folio, it is chargeable as a folio, each entry of a kind standing by itself, distinct from all others." This is clearly so by virtue of the statutes. And the rule of court we have quoted means nothing more. No rule of court, which separated a single order or proceeding into separate parts, would justify the clerk in doubling the charge. The congress by legislation fixes the clerk's fees. The court's order as to making up the records seems to us a proper one. We do not understand it as conflicting with the statutes, but, if there was a conflict as to the clerk's fees, the statutes must control.

The clerk's petition alleges that the services were rendered "as stated in the current accounts." This refers, as we understand it, to the bill of particulars. This account, which we have already quoted, does not show that the arraignment or the verdict or the judgment and other entries charged for in Schedule A were not separate and distinct orders. It does not appear that any two entries were one and the same transaction, or that they were entered on the same day, or even the same week. In the agreement, signed by the United States attorney for the Northern district of Florida, on which the case is submitted, it is stipulated that "the acts and services set forth in the said petition were actually rendered by the petitioner in the manner and under the circumstances set forth in the petition." The account of the clerk is made part of his petition. The findings of fact by the district court conform to this agreement. It appears, therefore, from the agreed statement of facts, that these charges were made for "separate proceedings," and the contrary does not appear anywhere in the record, nor does it appear from the record that any two of the orders charged for were parts of the same transaction, or were made on the same day. We cannot presume against the finding of the court, and the agreement on which the case was submitted, that one order or transaction has been divided needlessly to increase the number of folios, nor can we assume that more than one of the orders in the same case was made on one day and as a part of one transaction. If we were to adopt the comptroller's alleged construction of the statute, about which we now express no opinion, it would be immaterial; for it does not appear from the record that the entries charged for were not made on separate days. In the agreed statement of facts on which the case was tried, it is provided that the "disallowance sheets sent out by the department" may be considered by the court, and that by the written request of either party they may be made parts of the record. We do not find them in the record, nor do we find any evidence showing that the entries charged for as separate entries were made on the same day. The only allusion in the record to the fact that they were so made is the statement in the petition that certain fees charged by the clerk were rejected by the comptroller for that reason. The approval by the court of the clerk's account was prima facie evidence of its correctness. U. S. v. McGourin (No. 974; opinion filed in this court at this term) 106 Fed. 288. The district court has now sustained the account in a trial in which a formal defense was made. The decision of the court must be held correct, unless the contrary appears from the record. U. S. v. Puleston (No. 872; opinion filed in this court at this term) 106 Fed. 294.

We do not decide, nor has the district court decided, that if the defendant be arraigned, and plead not guilty, as one transaction, the clerk would be authorized to separate the arraignment and plea, and charge for two folios, without regard to the number of words in the entries. We do not decide, nor has the district court decided, that the sentence and judgment of the court, both pronounced as one

transaction, can be separated into different entries, so as to double the costs of the entries. If the transactions occur separately, if the defendant is arraigned, and, for example, time given to plead, and the orders on the arraignment and on the pleas are really separate events, a charge for each as a folio is authorized by the statute. But one order or judgment, by rule of court or otherwise, cannot be divided by punctuation or captions so as to increase fees. The rule of court does not and could not have that effect.

2. Schedule B of the bill of particulars is for swearing jurors to answer questions as to their qualifications. It is expressed this way in the account: "Nov. 5, 1895, swearing on the first day, and those summoned thereafter, as grand and petit jurors, 82 persons, ou voir dire, to make true answer as to their qualifications to sit as jurors, etc., at 10c., $8.20." There are five other charges for similar services, making a total of $45.70. This claim has been included in the judgment rendered by the district court against the United States, and the action of the court is here assigned as error. These fees are charged under paragraph 4 of section 828 of the Revised Statutes. That paragraph is in these words: "For administering an oath or affirmation, except to a juror, ten cents." The question for decision is the meaning of the word "juror" in this paragraph. If the persons who have been drawn and summoned are to be considered jurors within the meaning of this statute, then no fee can be allowed for administering an oath to them. Section 828 of the Revised Statutes is taken from an act to regulate the fees and costs to be allowed clerks and marshals, etc., approved February 26, 1853 (10 Stat. 161, c. 80). In the original act the lines above quoted from the Revised Statutes read: "For administering every oath or affirmation to a witness or other person, except to a juror, ten cents." In the codification the words, "to a witness or other person," were omitted. The paragraph, as it appears either in the Revised Statutes or the act, shows distinctly that the clerk is to receive 10 cents for administering every oath or affirmation to a witness or to any person except a juror. The defendant in error contends that the statute, by the word "juror," means "a man who is sworn or affirmed to serve as juror," and that, therefore, persons who appear in answer to the summons to serve as jurors are not within the meaning of the statute. If the word as used in the statute is restricted to this narrow definition, then the clerk would be entitled to make the charge. In the part of the act which fixes the marshal's fees, we find that he is allowed a fixed sum for serving venires and summoning men "as grand or petit jurors." Is the word "jurors" in that sentence used in this narrow and restricted sense? That is not possible. In this section the word certainly refers to men who have been drawn to be summoned as grand or petit jurors. In the part of the same act which fixes "jurors' fees," we find the following: "For traveling from their residence to said court or courts, five cents per mile for going and the same for returning." This section of the act shows that the congress recognized the person summoned as a juror for the purpose of giving him mileage while going to the court, even if he should be found disqualified and be discharged.

In another paragraph of the act it is provided that the marshal shall, on the order of the court, pay to the "jurors all such fees as they may appear by said order to be entitled to." The court would make the order to pay a person who had been summoned to appear as a juror, even though he were discharged for cause without having been sworn to serve. It seems clear, therefore, that in this act the congress, in legislating as to the fees of marshals, and in fixing the mileage and pay of jurors, and in providing for the payment of jurors under order of the court, used the word "juror" as meaning any person selected and summoned according to law to serve as a juror, whether such person had been actually impaneled and sworn or not. Is it probable that the congress used the word with a different meaning in fixing the fees of the clerk? By the terms of the act, the person summoned is a juror to enable the marshal to charge his fee under the statute. He is a juror within the meaning of the section that provides that the court may order the marshal to pay him. He is a juror while traveling from his residence to the court, and receives "five cents per mile for going." Can it be that the same act means that he will cease to be a juror while the clerk is swearing him to answer questions? If we reach this conclusion, we must decide that the legislature has used the word "juror" as meaning one thing in fixing the marshal's fees and the juror's fees, and as meaning another in fixing the fees of the clerk.

No reason is suggested why the legislature would have allowed the clerk fees for swearing the entire venire, and not allow fees for swearing the juries when impaneled. The whole venire may be sworn to answer questions as to eligibility at once, just as an impaneled jury may be sworn to try a case. Both oaths are customarily administered in the organization of juries and in the administration of justice. The intention was to allow fees for the swearing of witnesses and other persons. But the swearing of jurors was excepted. This exception cannot be made to apply to one oath, and not to another, taken as a juror. When sworn to answer questions as to eligibility, he is sworn because of his being summoned to act as a juror. In that sense he is sworn as a juror. It proves too much to argue that he is not a juror until he is sworn as such; for he is not a "juror," in the technical and narrow meaning of the word, until he is sworn and impaneled. Applying the narrow definition, it could be claimed he was not a juror until after he was sworn, and therefore the clerk could charge for administering that oath. This construction is not claimed, for it would strike out the words in the statute, "except to jurors." In State v. McCrystol, 43 La. Ann. 907, 9 South. 922, the supreme court of Louisiana had occasion to construe a statute which required the defining of the word "juror." The statute in question was penal, and was to be strictly construed, and, notwithstanding that fact, the court reached the conclusion that the word "juror" did not mean only jurors actually impaneled and sworn to try a particular case, but included all jurors liable to jury service from the moment they have been designated in a legal way and summoned to serve as jurors. Mr. Justice Fenner, delivering the opinion of the court, said:

"In the narrowest and most literal definition of the word 'juror,' it means 'a man who is sworn or affirmed to serve on a jury.' Bouv. Law Dict., verbo, 'Juror.' In this sense, no one would be either a grand or petit juror until he was actually impaneled and sworn. But all the statutes of the state and law writers universally apply the term 'juror' to persons selected and summoned according to law for the purpose of serving as grand or petit jurors, whether they have been actually impaneled and sworn or not. Therefore all persons who are lawfully selected and summoned to serve as jurors are, in legal terminology, called 'jurors,' and they are called 'grand' or 'petit' jurors, according to the function they are intended to perform. In the case of the regular venire, after the grand jury has been selected, the remaining members are petit jurors, because they are held for the purpose of forming petit juries; and all tales jurors are petit jurors, because they are for no other purpose than to serve on a petit jury."

In the last edition of Bouvier's Law Dictionary (1897), the definition of the word "juror," given by Mr. Justice Fenner in the opinion just quoted, has been adopted. A "juror" is there defined to be "any person selected and summoned according to law to serve in that capacity, whether the jury has been actually impaneled or not." The word "juror" is uniformly used by the jurists most familiar with the subject as including persons designated or ordered to be summoned to serve as jurors. For stronger reasons, it would include them after they are summoned and have appeared in court. Thus, Forsyth says: "There the sheriff is directed to summon twenty-four jurors." Fors. Tr. Jur. p. 149, note 1. "Jurors should be summoned from the hundred." Id. p. 168. Proffatt uses the word in the same way: "It is usual for the names of the jurors to be inserted in the venire." Proff. Jury, § 133. If the exception in the statute had been for swearing the jury,—"a body of men who are sworn to declare the facts of a case as they are proven from the evidence placed before them,"—there would be much stronger reason to sustain the contention of the defendant in error. If the congress had intended to limit the exception to the oath administered to the impaneled jury, the exception would probably have contained words indicating the organized jury. But the word "juror" is the word in the statute, not the word "jury," and we are constrained to believe that it is used in the ordinary sense in which it is often used by the best writers and speakers of English, and in the sense in which the congress itself used it in several sections of the act in question. The clerk was not, in our opinion, entitled to fees for administering the oath to the jurors to truly answer questions relating to their qualifications as jurors.

3. Schedule C consists of charges for "entering order of court for removal of prisoners from Walton county jail to Escambia county, and for making copies of the order, one for the marshal and one for the jailer." There are 13 items of the same kind, the fees amounting to $23.75. We understand from the record that these prisoners, who were removed by the order of the court, were confined in county jails, but not in the county in which they were to be tried. They were confined under writs issued by the United States commissioners. These charges are objected to by the plaintiff in error because it is claimed that they are forbidden by section 1030 of the Revised Statutes. This section of the Revised Statutes is taken from sec-

tion 3 of the act approved February 26, 1853, which regulates the fees of officers. In order that this section of the statute may be viewed in the light of the context, we quote it from the original act, with the few lines which immediately precede it:

"That witnesses who are required to attend any term of the court on the part of the United States, shall be subpœnaed to attend to testify generally on their behalf, and not depart the court without leave of the court or district attorney, under which it shall be their duty to appear before the grand jury or petit jury, or both, as they shall be required by the court or district attorney. No writ shall be necessary to bring into court any prisoner or person in custody, or for remanding him from the court into custody; but the same shall be done on the order of the court or district attorney, for which no fee shall be charged by the clerk or marshal." Act Feb. 26, 1853 (10 Stat. 169).

The last sentence above quoted, beginning with the words, "No writ shall be necessary," constitutes section 1030 of the Revised Statutes. The paragraphs of the statute which we have quoted have been separated for a more convenient and orderly arrangement. No inference or presumption of a legislative construction is to be drawn by reason of this. Rev. St. U. S. § 5600. The first sentence of the part of the act quoted is applied to the summoning of witnesses, and requiring them to attend until their discharge. They are not to depart without leave of the court or the district attorney. After this comes the provision to be construed, that "no writ shall be necessary to bring into court any prisoner or person in custody, or for remanding him from the court into custody." The statute evidently relates to witnesses who may be held in default of bail, as well as to other prisoners, and it seems to us is confined in its operation to prisoners and witnesses after their arrival, and while in attendance upon a session of court, or confined at the place where the court is being held, or, at least, that it does not apply to prisoners confined in counties remote from the place of trial. This construction was placed on the statute by Mr. Justice Jackson, in delivering the opinion of the circuit court in Taylor v. U. S., 45 Fed. 531, 538, 539. We are of opinion that section 1030 of the Revised Statutes does not deny to the clerk fees for entering orders of court for the removal of prisoners from one county to another county into which they are to be brought for trial.

4. Schedule D consists of charges for "entering orders made by the court in minutes, and of orders remanding prisoners to jail, and like orders for the production of prisoners for sentence." There are three items of this kind, the charges amounting to nine dollars. These charges, we think, should not be allowed. The statute is peremptory that no writ is necessary to bring into court any person or prisoner in custody, or for remanding him from the court into custody, but the same shall be done on the order of the court or the district attorney, for which no fee shall be charged by the clerk or the marshal. The intention of this statute is clear that no charge shall be made for bringing persons or prisoners into court or for remanding them. The court or the district attorney makes the necessary order, and the statute clearly excludes the idea that the clerk or the marshal is to have a fee. These orders to bring prisoners into court in practice are often verbal, but, if the district attorney should write

an order to bring a prisoner into court, the marshal is allowed no fee for executing it. If the court directs a prisoner to be brought into court, it should be obeyed by the marshal without the order being reduced to writing, but, if the clerk did reduce it to writing, he is not entitled to a fee for the service. The statute, after authorizing the district attorney, as well as the court, to give certain directions or make certain orders, concludes: "For which no fees are to be charged by the clerk or marshal."

As this case must be remanded for a new judgment, we shall not continue to examine the account by items. The condition of the record makes it impracticable to do so. For example, Schedule G consists of 62 separate miscellaneous items, and, the court having allowed the claims, the action of the court is assigned as error collectively: "The court erred in allowing plaintiff the sum of $57.70, claimed in Schedule G, set out in the bill of particulars, consisting of sixty-two items." It would serve no practical purpose, we think, to attempt to take up and examine each item of the account so assigned as error. After an examination of this opinion and the cases we have cited, the account, when restated for a new judgment, may not contain all these items, and some of them, when presented again, may not meet with objection.

The right of the clerk to charge for affixing a seal has been so commented on by the supreme court that there should be but little difficulty in stating the account as to the use of the seal, so as to conform to the statute and to the decision of that court. U. S. v. Van Duzee, 140 U. S. 169, 174, 11 Sup. Ct. 758, 35 L. Ed. 399; U. S. v. Jones, 147 U. S. 672, 13 Sup. Ct. 437, 37 L. Ed. 325; U. S. v. Taylor, 147 U. S. 695, 13 Sup. Ct. 479, 37 L. Ed. 335; Rev. St. U. S. § 828, par. 14.

The judgment of the district court is reversed, and the cause remanded for further proceedings in conformity with the opinion of this court and according to law.

On Application for Rehearing.

(February 26, 1901.)

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. Since the opinion was handed down in this case an application has been made by the plaintiff in error for a rehearing. The application is based on the failure of this court to pass on the question as to whether item 57 of Schedule G was properly allowed by the court below. An able and elaborate brief is now filed to show that this item was improperly allowed by the district court. This case was submitted in this court without oral argument, and the court could only be informed by the record and the briefs of the objections the plaintiff in error had to the judgment of the court below. Schedule G consists of 62 separate miscellaneous items. It was assigned as one error that the court allowed all of these items. The assignment is quoted verbatim in the opinion. The schedule (G) contained 61 items besides the one numbered 57. Looking at the

briefs and written argument, we find the only allusion to No. 57 is in these words: "Item 57. See 4 Dec. Compt. Treas. 322." Rule 11 of this court requires that the assignment of errors "shall set out separately and particularly each error asserted and intended to be urged." The court, of course, may at its option notice plain errors not assigned; but it will rarely search through an account of 62 items for one on which to base its opinion, when it is not pointed out by separate assignment nor by brief or argument. As to item 57, this court has expressed no opinion. The case being reversed, the objections may be made to it in the district court. Under the circumstances it would not be consistent with a proper practice to grant a rehearing. The rehearing is denied.