## MARSH v. UNITED STATES.

(District Court, N. D. Florida. June 5, 1901.)

1. CLERKS OF UNITED STATES COURTS—ACTION FOR FEES—ISSUES AND PROOFS.

In an action by the clerk of a circuit and district court against the United States to recover fees charged for record entries made in criminal cases, which have been disallowed by the treasury department, the clerk's accounts, which were presented to and approved by the court, are prima facie evidence of the correctness of the items therein contained, and the plaintiff is not required to prove that each separate entry for which a charge is made therein, which purports to relate to a separate and distinct transaction, does in fact relate to such a transaction, so as to entitle him to charge for the same as a folio, under Rev. St. § 854, and especially where the statements of disallowances by the auditor do not disclose what particular items are objected to, nor any principle upon which the disallowances were made.

2. SAME—RECORDS—SEPARATE ENTRIES.

The return and verdict of the jury in a criminal case in the district court is a separate proceeding or step in the case, which the clerk is entitled to record by a separate entry from the record of the trial, and to charge for as such.

Action by Plaintiff as Clerk of the Circuit and District Court to Recover Fees.

Frederick W. Marsh, in pro. per.
John Eagan, U. S. Dist. Atty.

SWAYNE, District Judge. This cause is now before the court on final hearing for the third time, having been twice appealed and remanded,—the first time remanded because of an act of congress taking away the jurisdiction of this court, which was subsequently restored; the second time remanded for errors in the judgment in allowing items in Schedules B and D. On the consideration of the last appeal, the circuit court of appeals for this circuit exhaustively considered the assignment of errors in relation to the items in Schedule A of the petition, which involves many hundred items for entries in the minutes of the court in criminal causes, charged as separate entries as to each proceeding, under section 828, par. 8, Rev. St. Based on the written opinion of the court, as reported in (C. C. A.) 106 Fed. 474, each party to this cause claims the contention of the other untenable, and appeals to this court for a construction of the law, as set forth in that opinion, applicable to the facts submitted on the new trial. There are certain features in the method of charging and auditing claims of this nature which have been more clearly presented to the court at this trial, and which will enable the court to arrive at a definite understanding of the cause. After a careful investigation, it seems apparent that not the slightest attention was given in auditing these accounts to either the subject-

matter of the proceedings, or, in most instances, the lapse of time between an entry and the subsequent step in the proceeding. I find in the items that have been called to my attention that where entries have been made on a particular day under proper caption, and subsequent proceedings on other days under separate captions, there seemed to be no endeavor in the audit to notice such severance, but the account was audited and allowed according to the total number of words in all the entries on all days in which proceedings were had in the cause. There is no disallowance of any particular order or entry. The petitioner cannot lay his finger on a single item in all his accounts covering these items that was disallowed. He could not incorporate in the bill of particulars any entry he has made which was disallowed. His claim is finally sifted down to this: He presented an account, which was duly approved as required by law, and sent to the accounting officers of the treasury department, who in its settlement made arbitrary and unspecified disallowances, according to the rule above stated, and of the character following: "3 folios in Nos. 12–29–69–82; 4 folios in Nos. 33–100–137," etc. These statements show how impossible it is to arrive at any understanding of the contention of the department, in the light of the decision above quoted governing this case.

This court was and is of the opinion "that it does not appear that any two entries were one and the same transaction," and in many or most of the charges "that they were entered on the same day, or even in the same week." The court is also of the opinion that they were in each event "for separate proceedings, and the contrary does not appear anywhere in the records of this court," "nor does it appear from the records that any two orders charged for were parts of the same transaction." The court cannot find anywhere "that one order or transaction has been divided needlessly to increase the number of folios."

The comptroller concludes that the appellate court adopted his contention as to chronological division of entries, but I cannot so understand the decision. The defendant contends that it was incumbent upon the petitioner to go into all the accounts and items covering the period of these disallowances, and show affirmatively that they were thus made. This court has already passed upon those accounts, approving all items, which made them prima facie evidence of their correctness, they have been offered in evidence, and it is therein set out that charges were made for separate and distinct entries.

The petitioner selected the record entries of a cause lately disposed of in the circuit court as an illustration of the manner of entering and charging for entries in criminal causes, which was incorporated in the finding of fact filed herewith, not because it had relation directly to any item in dispute, but because it contained the greatest variety and number of entries of any cause on the records here. It will be seen from this record the division or classification which the petitioner has adopted relating to entries. He charges for the entry of the return of the indictment by the grand jury, which is usually on a separate day from most or all other proceedings in the cause, 1 folio, 15 cents (133 words); the next charge is for motion and order

for bench warrant, 1 folio (101 words); on a subsequent day, motion and order bail, 1 folio (58 words); motion and order for continuance, 1 folio (64 words); at a subsequent term, the same motion and order, 1 folio (40 words); at a later term, for entering motion and order for arraignment, entering arraignment, appearance, and plea, 2 folios (159 words); the entry of the case called for trial, motion and order for jury, and trial, 2 folios (150 words); the entry of the return and · verdict of the jury, 1 folio (21 words); the entry of the order remanding the defendant,—which fees were disallowed under a separate schedule in the petition, according to provisions of section 1030, Rev. St. The motion of the district attorney for sentence and the appearance of the prisoner are charged for as a separate folio from the sentence following, but combined therewith they aggregate 240 words, or very nearly 3 folios, and are charged jointly or severally in the clerk's accounts as 2 folios; the motion in arrest of judgment and the order thereon, 1 folio (79 words), and the order to the marshal to furnish meals to the jurors while engaged in the trial of the cause, 1 folio (56 words).

The change in the nature of the plea or other proceeding in a cause does not in any manner change the principle followed by the petitioner in the classification of the proceedings. They follow the rules of the court. and further illustration is unnecessary. In the auditing of the accounts, including the charges made by the clerk for fees earned in the case given above, it appears that in the two quarters covering this period the auditor seemed not to adhere even to the rule stated by him as above given. In the first quarter, where the actual number of orders and proceedings was 4, and so charged for, and the total number of words was 356, making, in any event, 4 folios, I find that the auditor, in statement No. 56,996, under item 7, disallowed arbitrarily 2 folios of the amount so charged. In the subsequent quarter the number of entries of separate proceedings made and charged for was 11 (some of the proceedings constituted 2 folios), 4 of which were disallowed, and the balance, 7 folios, paid, notwithstanding there were 795 words, the equivalent, if counted consecutively, of 8 folios. See Statement of Auditor No. 62,963. This method of auditing, if it had been carried out in relation to all of the petitioner's accounts, would result in large discrepancies, even on the basis assumed by the auditor. There is a suggestion, in explanation of this condition, that the petitioner was required to and did state in a memorandum that the total number of words in the journal entries was 691 in the latter account, but it is also asserted that this was intended and so understood to include only the ordinary proceedings, and that orders of the nature of continuances and to the marshal to furnish meals to the jury were never included in this computation, as it was so clearly understood that these, in their very nature, were separate and distinct from the other entries, and were so conceded. This case has been so carefully studied because it is the only one presented as an illustration of the respective views taken by the parties, and the method on the one hand of charging, and on the other of auditing, items of this nature, and of the statement heretofore made in this opinion to the effect that it is impossible to arrive

at any understanding of the contention of the auditing department of the treasury.

The only doubt that has been suggested to the court as to the clear and distinct division of the proceedings and charges is as to the return of the verdict being chargeable separately from the trial. As added thereto, it would not increase the number of folios in that item, and by being merged therein would eliminate one folio from the entries in the case. After considering the matter, it seems that, from the fact that the jury retire from the court room and hold a separate deliberation apart from the ordinary proceedings in court, which often lasts for days, their return and verdict is a separate proceeding or step in the case. I find that this item as to the period covered by these accounts amounts to about 165 folios of $24.75, which is, at most, a mere calculation, but the best the facts admit of.

Schedule C was fully considered and allowed by the circuit court of appeals, and in this trial the same ruling will necessarily be followed. Schedule F was not passed upon on this appeal. The court will adopt the same conclusions of law as in its opinion filed in this cause on May 5, 1900, and the same ruling is adopted as to Schedule G, except as to certain items withdrawn by petitioner. A judgment may be entered in accordance with the above principles