### UNITED STATES v. MARSH.

(Circuit Court of Appeals, Fifth Circuit. January 14, 1902.)

#### No. 1,088.

**1. CLERK OF COURT—FEES—COMBINATION DOCKET**

Under Rev. St. U. S. § 828, providing specific fees for making dockets and all other services performed by the clerk in a cause, he is not entitled to an additional fee for a combination docket, though such docket was ordered by the court to be kept, and is a great convenience.

**2. SAME.**

The clerk of court is entitled to an allowance of $2.75 for filing dockets and other papers of outgoing commissioners under the act of May 28, 1896.

In Error to the District Court of the United States for the Northern District of Florida.

See, also, 88 Fed. 879; 109 Fed. 236.

John Eagan and W. W. Howe, for plaintiff in error.

F. W. Marsh, in pro. per.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is a suit brought by the clerk of the United States courts, Northern district of Florida, against the United States, for fees for services rendered, and was before this court at the last term on substantially the same schedules and items. Our opinion is reported in 45 C. C. A. 436, 106 Fed. 474. In that opinion we passed upon certain items in schedules A, B, C, and D, and expressed certain views with regard to other items, and thereupon remanded the case for another trial in conformity with the views expressed in the opinion and according to law. Since this remand the case has been reheard in the court a qua, and all matters involved exhaustively and carefully considered by the trial judge, and

we find his judgment is in accord with the views of this court, so far as expressed in our former opinion. It follows that none of the assignments of error concerning schedules A, B, G, and D are well taken.

As to schedule E, we are of opinion that on the facts found by the trial judge the errors assigned are not well taken.

Schedule F is for making certain entries in cases in which the United States were plaintiffs in what was called the "combined docket." From the facts as found, this docket was, in addition to other dockets, kept by the clerk, and was kept by an order and rule of the court, and was of great convenience to the court and litigants. The fee bill found in section 828, Rev. St., provides a specific fee of $3 for making dockets and indexes, issuing venire, taxing costs, and all other services on the trial or argument of the cause where issue is joined and testimony given; a specific fee of $2 for making dockets and indexes and taxing costs and all other services in a case where issue is joined when no testimony is given; and a specific fee of $1 for making dockets and taxing costs in cases removed on writ of error or appeal. These docket fees seem to provide for making dockets and indexes and taxing costs in every class of cases likely to arise in the courts of the United States. The fee bill does not specify the dockets to be kept, but seems to include all services in keeping dockets. As all dockets are kept under the rules, and not under any specific law, it does not seem that the fact the court ordered a "combined docket" to be kept would be any reason for allowing an extra fee to the clerk. The convenience and use of a "combined docket" to the judge, attorneys, and litigants furnishes no reason for allowing the clerk fees not allowed by the law, and we think that herein there is no better ground for allowing an extra charge for a so-called "combined docket" than there would be for an appearance docket, or a trial docket, or a cost docket. Our conclusion, therefore, is that the allowance of $7.55 for items specified in schedule F was erroneous.

As to schedule G, we notice in the assignment of errors the objection to the allowance of $2.75 charged by the clerk for filing dockets and other papers of outgoing commissioners under the act of May 28, 1896. On the facts as found by the trial judge we are of opinion that the charge of the clerk was properly made, and the assignment of error in that respect is not well taken. As to all other items of schedule G, we concur with the trial judge in his reasons for allowing the same on the facts as found by him.

The judgment of the district court is amended by reducing the recovery allowed by $7.55, the amount of items in schedule F, and, as so amended, the same is affirmed.