EDWARDS et al. v. BAY STATE GAS CO. OF DELAWARE.

(Circuit Court, D. Massachusetts. March 31, 1910.)

No. 230.

CLERKS OF COURTS (§ 54*)—CLERKS OF UNITED STATES COURTS—DEPOSITS—COMMISSIONS.

Rev. St. § 995 (U. S. Comp. St. 1901, p. 711), provides that all moneys paid into any United States court, or received by the officers thereof, in any cause pending or adjudicated therein, shall be forthwith deposited with the Treasurer, Assistant Treasurer, or a designated depositary of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States, in the name and to the credit of the court; and section 828 provides that the clerk shall be allowed, for receiving, keeping, and paying out money in pursuance of any statute or order of the court, 1 per cent. of any amount so paid. *Held*, that a clerk is not entitled to commissions on part of a fund in the hands of a receiver appointed by the court, not deposited in a designated United States depositary, but under order of the court in a national bank to the credit of the receiver, subject to checks drawn by the receiver and countersigned by the judge of the court.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 77; Dec. Dig. § 54.*]

In Equity. Suit by Jacob Edwards and others against the Bay State Gas Company of Delaware. On petition of Charles K. Darling, as Clerk of the Circuit Court of the United States for the District of Massachusetts, for an allowance of commissions out of funds paid into court. Denied.

See, also, 172 Fed. 971.

The United States Attorney, for petitioner.

Homer Albers, for defendant.

PUTNAM, Circuit Judge. This is a petition of the clerk that he be allowed a statutory commission of 1 per cent. on the sum of $91,-552.27, accumulated as herein set out. The claim is purely statutory, and rests on sections 995 and 828, Rev. St. (U. S. Comp. St. 1901, pp. 711, 635). Section 995 is as follows:

"All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court, shall be forthwith deposited with the Treasurer, an Assistant Treasurer, or a designated depositary of the United States, in the name and to the credit of such court: Provided, that nothing herein shall be construed to prevent the delivery of any such money upon security, according to agreement of parties, under the direction of the court."

Section 828 relates to the fees of the clerk, and contains the following:

"For receiving, keeping, and paying out money, in pursuance of any statute or order of court, one per centum on the amount so received, kept, and paid."

The entire fund to which the petition relates was $218,369.42. From this fund there have been paid, by special orders of this court, various sums as follows:

| | |
|---|---|
| Patterson & Major | $65,000 00 |
| Henry A. Wyman | 5,500 00 |
| Whipple, Sears & Ogden | 5,655 26 |
| Morse & Friedman | 10,966 18 |
| B. G. Davis | 1,864 36 |
| Hiram M. Burton and Arthur A. Folsom | 313 10 |
| A. S. Hall | 107 89 |
| James H. Hoffecker, Jr | 160 04 |
| B. L. M. Tower Adm'rs. | 579 67 |
| Walter K. Barton | 1,305 77 |
| | $91,552 27 |

The present petition relates directly only to the total amount paid out, namely, $91,552.27; but the entire amount, $218,369.42, may be

involved herein. There have been no authoritative decisions, no course of decisions, and no customary practice, which assist this petition; so that the court is compelled to rely on the words of the statute in their ordinary and normal interpretation.

The fund in question was deposited by a receiver appointed by this court in the National Shawmut Bank, which bank is not a depositary designated by the court in accordance with section 995, Rev. St., which we have cited, and the money was not deposited in accordance with the provisions of that section; nor was the drawing out of the funds to the extent which we have mentioned done in compliance with section 996 of the Revised Statutes as amended. That section is limited to money deposited as provided in section 995. The fund was a part of a fund in the hands of a receiver appointed by this court. The receiver had been discharged as to all assets except this particular fund; but the receivership was expressly retained as to it, and the moneys were deposited in the National Shawmut Bank under an order of court, of which the part material hereto was as follows:

"It is further ordered that the balance of money in the hands of the receiver, so far as subject to the jurisdiction of this court, be transferred to and deposited forthwith in the National Shawmut Bank of Boston on such terms as to interest as the receiver may best be able to arrange, and that said deposit stand to the credit of the receiver, subject to checks from time to time drawn by the receiver and countersigned by a judge of this court, and be checked out only in that manner."

Under the provision of section 828, Rev. St., which is the only authority on which the clerk's right to a commission rests, four things must be combined, namely: First, receiving; second, keeping; third, paying out; and, fourth, in pursuance of a statute or order of court. The order of court exists; but the clerk neither received, kept, nor paid out. The deposit was in the name and to the credit of the receiver, and not, as required by section 995, "in the name and to the credit of" the court. So far as any order of the court called for by section 996 is concerned, there is no specific requirement that there should be separate orders or any formal order with reference to the drawing out of the fund; but, as the checks were to be countersigned by a judge, it is plain that such orders were contemplated, and such orders were in fact made. Consequently, the fourth requirement of section 828 is found here. On the other hand, as the clerk did not receive, he did not keep; and, as the checks were to be countersigned by the judge, and, of course, drawn by the receiver, the clerk had no part in "paying out."

There can be no doubt that he entered all the orders relating to the disbursement of the fund in question, and also assisted the court in keeping due record of disbursements, so that the court would not countersign checks improvidently drawn by the receiver; but this was only a part of his clerical duty, and cannot be said to have had any proper relation to technically "receiving, keeping, or paying out," in the sense of the statute. If the case were left merely on this statement, it might be regarded as too technical; but the underlying distinction is that, on one side, sections 995, 996, and, consequently, 828, relate to moneys which are required by statute to be deposited in ac-

cordance with section 995; while whatever occurred in the pending case relate, on the other hand, simply to a continuance of the receivership with a view to closing it out or winding it up. The fundamental conditions in reference to the fund here not only literally, but substantially, distinguish the subject-matter of the petition at bar from the statutory case with reference to which the clerk is entitled to his commissions. The elaboration of the various statutes relating to moneys passing through the hands of the clerk in Howard v. United States, 184 U. S. 676, 22 Sup. Ct. 543, 46 L. Ed. 754, and the closing paragraph of the opinion of the court in United States v. Kurtz, 164 U. S. 49, 53, 17 Sup. Ct. 15, 41 L. Ed. 346, assist to illustrate this proposition.

Some suggestions have been made that what has been accomplished by the clerk, although in the line of his clerical duty, is yet of somewhat an extraordinary character, and that the clerk might be entitled to an allowance on that account in accordance with some decisions which have been cited to us. Without expressing any opinion on that proposition, we will only add that the petition before us is not framed in that aspect, and that a petition framed in that aspect, if offered, would come up more properly after the entire fund of $218,369.42 is substantially disposed of, so that it could be examined in the light of the entire history thereof, rather than in a fragmentary way.

The petition filed by the clerk on November 22, 1909, for an allowance of commissions, as amended, is dismissed.