James H. Boomer, J.
In this condemnation proceeding, the condemnor, the Village of Newark Urban Renewal Agency, deposited with the. County Treasurer the sum of $28,000, its estimate of the value of the property taken. Upon application, the County Treasurer paid to the property owners the sum on deposit less a deduction of the 2% allowed to him by CPLR 8010 upon moneys paid out of court. The owners claim that no deduction is permissible from funds deposited in court in condemnation proceedings for urban renewal projects, and they move to compel the County Treasurer to pay to them the 2% retained.
The deposit with the County Treasurer was made under subdivision 2 of section 555 of the General Municipal Law, as amended in 1972. The 1972 amendment (L. 1972, ch. 357, § 2) provides that, notwithstanding any other provision of law to the contrary, in any condemnation proceeding brought by a municipality to acquire property in an urban renewal area, the municipality may acquire title to the property before final judgment by depositing in court a sum estimated to be the value of the property. The subdivision specifically states, “ No sum so paid into court shall be charged with commissions or poundage.” (Emphasis supplied). While CPLR 8010 refers only to “ fees ” of a County Treasurer and does not use the word “ commission ” or “ poundage ”, it becomes obvious from the legislative history of the amendment to subdivision 2 of section 555 of the General Municipal Law that the Legislature intended to exempt deposits in court in urban renewal condemnation proceedings from a charge of the 2% fee allowed a treasurer under CPLR 8010.
The memorandum of the State Division of Housing and Community Renewal accompanying the bill amending subdivision 2 *318 of section 555 of the General Municipal Law (see McKinney’S 1972 Session Laws of N. Y., vol. 2, pp. 3301, 3302) states, “ This amendment has been made necessary as a result of the enactment of the Uniform Relocation and Land Acquisition Policies Act of 1970 * * * Failure to make the proposed Statutory change will jeopardize the receipt of federal financial aid from HUD to New York municipalities and urban renewal agencies.”
The Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (U. S. Code, tit. 42, § 4601 et seq.) provides, in part, that “ no owner shall be required to surrender possession of real property before the head of the Federal agency concerned * * * deposits with the court in accordance with section 258a of Title 40, for the benefit of the owner, an amount not less than the agency’s approved appraisal of the fair market value of such property ’ ’. (U. S. Code, tit. 42, § 4651, subd. [4]), and, the head of a Federal agency shall not approve any grant to a State agency unless he receives satisfactory assurances from it that ‘ ‘ it will be guided, to the greatest extent practicable under State law, by the land acquisition policies in section 4651 ”. (U. S. Code, tit. 42, § 4655.)
The Act of February 26, 1931 (U. S. Code, tit. 40, § 258a), referred to in the Uniform Relocation Assistance and Real Prop-: erty Acquisition Act of 1970, provides for deposits in court in condemnation proceedings instituted by the Federal Government, and states, “No sum so paid into the court shall be charged with commissions or poundage. ’ ’ This was the language adopted by the New York State Legislature' when it amended subdivision 2 of section 555 of the General Municipal Law. Until recently, under former section 555 of title 28 of the United States Code (1940 ed.), the Clerk of a Federal District Court was entitled to a fee of 1% on moneys paid out of court (7 Moore’s Federal Practice, par. 67.03). That Federal statute, similar to CPLR 8010, did not refer to this fee as a commission, but the Federal courts had consistently described it as such (Edwards v. Bay State Gas Co. of Delaware, 177 F. 573; Northwestern Mut. Life Ins. Co. v. Quinn, 69 F. 462; Michigan Cent. R. R. Co. v. Harsha, 134 F. 217; Matter of Michigan Cent. R. R. Co., 124 F. 727).
The conclusion is inescapable that the word “ commissions ”, as used in the amendment to subdivision 2 of section' 555 of the General Municipal Law, refers to the fees of a County Treasurer based upon a percentage of moneys paid out of court. This conclusion follows not only from the legislative history of the Amendment, but also from a logical interpretation of the language used. To hold, as the County Treasurer argues, that the *319 word “ commissions ” as used in the amendment does not include the 2% allowance to the treasurer because that allowance is described as a “ fee ” and not a “ commission ”, would result in a strained construction of the amendment. While not all fees are commissions, commissions are a special type of fee for services, generally based upon a percentage of the principal amount involved.
The County Treasurer’s reliance upon the ruling of the State Comptroller (24 Opns. St. Comp., 1968, p. 528) is misplaced. That ruling was made prior to the amendment in 1972 of subdivision 2 of section 555 of the General Municipal Law.
The motion is granted and the County Treasurer is directed to pay to the owners the amount of the deposit retained.